Argued and submitted June 20, reversed and remanded with instructions
October 16, 2002

In the Matter of the Marriage of

Michael Lee MOSER,
*Appellant,*

*and*

Carrie Mae GILMORE,
*Respondent.*

15-98-18132; A114448

56 P3d 417

Martha L. Walters argued the cause for appellant. With her on the brief were David Dickens and Walters Romm Chanti & Dickens, P. C.

No appearance for respondent.

Before Kistler, Presiding Judge, Deits, Chief Judge, and Warren, Senior Judge.

KISTLER, P. J.

## KISTLER, P. J.

Approximately one year after the parties' marriage was dissolved, husband sought to terminate his obligation to pay his former wife spousal support. The trial court reduced but did not terminate that obligation. Husband appeals, arguing that spousal support should have been terminated because wife has more income available following her remarriage than was available after their marriage was dissolved. We agree with husband, reverse the trial court's order, and remand.

The parties' marriage was dissolved in 1999. At the time of the dissolution, husband was an emergency room physician earning $8,300 per month. Wife was not employed outside the home. For the purposes of calculating spousal support, the trial court attributed a monthly income of $1,126 to wife. The judgment dissolving the marriage gave wife custody of the parties' two children and provided that husband would pay monthly child support of $987. It also provided that husband would pay spousal support of $2,000 per month for one year, $1,500 for four years, $1,000 for two years, and $750 for two more years. Spousal support terminates at the end of the nine-year period, upon the death of either party, or upon further order of the court. No stated purpose for the spousal support was set forth in the judgment. With the combination of imputed income, child support, and spousal support, wife's income totaled $4,113 per month at the time of dissolution, or $1,371 per person in her household.

Wife remarried in October 2000. In December 2000, husband filed a motion to terminate his spousal support obligation. The evidence at the modification hearing showed that wife's new husband earns an average of $4,681 each month. Together with $1,000 in reimbursed expenses and $40 of miscellaneous income, he has a monthly income of $5,721. Wife also has become employed since her divorce, earning approximately $600 a month. She receives $365 per month in interest income and continues to receive $987 in child support. Although wife's new husband is required to pay $1,732 in child support and other debts each month, the remainder of his income is deposited into an account on which wife is the

only authorized signer. Exclusive of spousal support and new husband's child support and other obligations, wife and her new family have $5,941 available to them per month, or slightly more than $1,485 per person.

Husband also remarried. His monthly income from employment has remained unchanged since the dissolution judgment, although the trial court attributed an additional $2,250 per month to him as a result of distributions from a family trust and $95 per month in interest income. As a result, his total income has increased to $10,645 a month.

At the end of the modification hearing, the trial court determined that it should set support at a level that would maintain the relative positions of the parties as they existed at the time of dissolution. To do this, the trial court calculated the total income of the parties at the time of the dissolution and the percentage of that income that was available to wife's household on both a total and per capita basis at the time of the dissolution. The court then calculated the total income available to both households at the time of the modification hearing and set spousal support at a level calculated to maintain the same relative proportions of total and per capita household income that had existed when their marriage was dissolved. The court accordingly reduced spousal support to $1,000 per month until 2004, at which time the support will decrease to $500 until 2006, when the support will step down again to $250 for the remaining two years.

■ Husband appeals, arguing that the trial court erred in setting spousal support at a level that attempts to provide husband and wife with the same proportions of their total incomes that existed when the dissolution judgment was entered. Husband contends that the court should have terminated spousal support because wife now has sufficient income available to her to maintain the same relative position that was available to her at the time of the dissolution.

■ ORS 107.135(2)(a) authorizes the modification or termination of spousal support when there has been a substantial change in the parties' economic circumstances. Remarriage alone is not automatically a substantial change. *Bates and Bates*, 303 Or 40, 46, 733 P2d 1363 (1987). Support

should be modified or terminated only when the purposes of the initial award have been met. *Id.* Thus, the first question is what the purposes of the award were and, once those are identified, the second question is whether the remarriage satisfies them. *Rubey and Rubey*, 165 Or App 616, 621, 996 P2d 1006 (2000). When, as in this case, no purpose for an award is stated, "our task is to maintain the relative positions of the parties as established in the initial decree in light of their changed circumstances." *Bates,* 303 Or at 47.

After the dissolution judgment was entered, wife had a monthly income of $4,113 or $1,371 per person. That original support award "presumptively reflects the most equitable distribution of income between the parties." *Bates*, 303 Or at 47. Upon her remarriage, wife and her new family have available to them a total of $5,941 a month, or slightly more than $1,485 per person. The amount of income that wife currently has access to, without spousal support, exceeds that which she had available to her at the time of the dissolution judgment. As a result, the trial court should have terminated husband's spousal support obligation, because "[t]o continue spousal support would provide wife's * * * household with significantly more money than the trial judge originally found to represent an equitable distribution of income." *Bates*, 303 Or at 47-48; *see Rubey*, 165 Or App at 622 n 8. The presumptive purpose of the original award has been met. *Bates*, 303 Or at 47-48.

The trial court reached a different conclusion because it focused on the increase in husband's income as well as the increase in wife's income. The trial court attempted to set spousal support in a manner that would provide the same percentage of income to both families that the original dissolution judgment provided. However, we rejected that approach in *Hoag and Hoag*, 152 Or App 288, 954 P2d 184 (1998). In *Hoag*, the husband's income had increased since the dissolution, and the wife argued that the trial court should modify the judgment. We did not accept the wife's argument, stating that "[husband's] household income and size at the time of modification are not major considerations in the analysis here." *Id.* at 293. The same holds true here. Although the trial court found that both husband's and

wife's incomes had increased since the dissolution, the fact that husband's income increased after the divorce is not relevant to the determination of how much income wife presently has available to her.[1] We accordingly reverse the trial court's order denying husband's motion to terminate spousal support.[2]

Reversed and remanded with instructions to terminate husband's obligation to pay spousal support effective on date of entry of appellate judgment.

---

[1] Our decision today is consistent with our decision in *Weber and Weber*, 184 Or App 190, 56 P3d 406 (2002). In that case, the trial court initially set the amount of spousal support that the husband had to pay based on what turned out to be a temporary drop in his income. After dissolution, the husband's income returned to its predissolution level, and we held that the trial court could consider the post-dissolution increase in income in deciding whether to modify spousal support. We explained that our decision turned on the fact that "husband had resumed an income level commensurate with the parties' predissolution standard of living *and* that the resumption was not attributable to any post-dissolution enhancement of husband's own personal qualifications or accomplishments." 184 Or App at 202 (emphasis added). Neither of those factors is present here.

[2] We may make any modification of spousal support retroactive to the date that the motion to modify was filed. ORS 107.135(5). Under the circumstances, we decline to do so here. Spousal support should be terminated as of the date that the appellate judgment is entered. On remand, the trial court should make whatever modifications are appropriate to husband and wife's respective child support obligations.