Argued and submitted September 23, 2002, remanded with instructions
March 6, 2003

# In the Matter of the Marriage of

## William Terrance McARDLE,
*Appellant,*

*and*

## Valerie Lynette McARDLE,
*Respondent.*

99-0333-D2 and 99-0372-D2; A114177

64 P3d 1178

Bryan E. Blodgett argued the cause and filed the briefs for appellant.

William A. Mansfield argued the cause for respondent. With him on the brief was Lauretta Lee Ferguson.

Before Edmonds, Presiding Judge, and Kistler and Schuman, Judges.

SCHUMAN, J.

**SCHUMAN, J.**

When husband's income decreased after retirement, he moved for termination of his spousal support obligation. The court denied the motion. Husband appeals. On *de novo* review, ORS 19.415(3), we modify the judgment to reduce, but not terminate, the obligation. *See Halsey and Halsey*, 180 Or App 169, 171 n 1, 41 P3d 1119 (2002) (treating motion to terminate as motion to modify).

The parties' 10-year marriage was dissolved by a judgment entered on November 9, 1999. At the time, husband was 61 years old and had a monthly income of $5,888 derived from two sources: $4,880 from his employment as an engineer at Eastman Kodak and another $1,008 from payments he received on a promissory note from the sale of property he owned in Eagle Point. Wife was 54 and worked as a driving instructor for the Grants Pass School District. That job and some summer work at the local community college brought her $1,892 per month. Although there were no children of the marriage, one child from wife's former marriage lived with her.

The dissolution court awarded husband some real property he owned in Port Orford valued at $60,000 "free of any claim of Wife" (that is, about which he successfully rebutted the presumption of wife's equal contribution); half of the $22,565 in his 401(k) account at the time of dissolution; his "Employee Savings Plan" worth $17,000 on retirement at age 65; and the couple's investment accounts containing at least $248,000 but perhaps as much as $319,500 (the record is not clear). Wife received the family house, valued at approximately $131,500 after deducting the outstanding mortgage balance for which she was responsible; her PERS account; and half of husband's 401(k) account. The court also awarded wife $1,400 per month in spousal support for two years, stepped down to $1,000 for two years thereafter. The court did not specify the purpose of the support.

The court did specify, however, that it

"did not consider Husband's retirement plans in setting spousal support due to uncertainty as to when he will retire and his income upon retirement. Therefore the Court holds

that when Mr. McArdle retires either party may allege a change of circumstance for the court to review spousal support."

In fact, husband retired on January 2, 2001, at the age of 63. In doing so, he not only lost his salary but also forfeited his $17,000 pension from Kodak. Immediately after retiring, approximately 14 months into the four-year spousal support period, he filed a motion to terminate his support obligation, alleging a change of circumstances. By that time, wife's child had moved out of her house to attend college, and wife had suffered two cerebral hemorrhages.

At the time of the motion to modify, husband's income had decreased to $2,212 per month: $1,204 from Social Security and $1,008 from the promissory note. He also continued to hold investment accounts that produced no income but could, according to wife's expert's uncontradicted testimony, produce $1,400 per month. Wife's income was $3,274: $1,400 in spousal support and $1,874 from employment. At the modification hearing, husband argued that his decline in income presented a substantial change of circumstances sufficient to justify a reconsideration of the support award. He also argued that the modification court should not consider any potential income from or use of the money in the investment accounts because that money was part of the property settlement in the dissolution and that, therefore, counting the money as potential income would be "double dipping." He repeats that argument in his brief. At oral argument, however, husband conceded that the income can properly be considered.

■ The concession is appropriate. ORS 107.135(3)(a) requires a court determining whether there has been a change in circumstances to "consider income opportunities and benefits * * * from *all sources* * * *." (Emphasis added.) In *Albrich and Albrich,* 162 Or App 30, 35, 987 P2d 542 (1999), we held that the court was required to consider income from "all sources," including income from a part of the property settlement.[1] Here, then, the fact that husband

---

[1] In *Albrich,* we construed Oregon Laws 1997, chapter 746, section 116. The relevant provisions of that statute do not differ significantly from the provisions of ORS 107.135 that are relevant here. *See Albrich,* 162 Or App at 32 n 1.

received the investment accounts as part of the property settlement does not preclude consideration of income from those accounts at the support modification proceeding.

■ Husband nonetheless argues that, even taking the interest income of $1,400 per month into account, his post-retirement income would be $3,612, and that is a sufficiently significant decline from the $5,888 he was earning at dissolution to justify a modification. We agree. *Halsey*, 180 Or App at 177 ($1,529 change in parties' combined income reflects a substantial change in economic circumstances); *see also* ORS 107.135(2)(a).

■ When we find that there has been a change of circumstances sufficient to warrant reconsideration of an existing order of support, we may modify the order consistently with the express purpose of the support. When, as here, the dissolution court does not give an express reason for the support, "our task is to maintain the relative positions of the parties as established in the initial [judgment] in light of their changed circumstances." *Bates and Bates*, 303 Or 40, 47, 733 P2d 1363 (1987). Our "overriding consideration in determining the appropriate amount of spousal support is what is 'just and equitable' * * * under the totality of the circumstances." *Albrich*, 162 Or App at 37 (citing ORS 107.105(1)(d)).

As instructed by *Bates*, 303 Or at 45, we begin "with the position of the parties as established by the original [judgment]," under the presumption that it "represents a trial judge's * * * assessment of the amount and duration of support best calculated to meet the considerations" enumerated by statute. That judgment "is a judicially determined dollar figure based upon legislative instruction." *Id.* at 45 n 3.

At dissolution, the parties' combined income was $7,780 ($5,888 from husband and $1,892 from wife). The dissolution court's spousal support award resulted in wife receiving a total of $3,292, or 42 percent of the combined income until September 30, 2001, and $2,892, or 37 percent, for two additional years. At the time of the modification hearing, due to changed circumstances, the parties' combined income from all sources was $5,486. To maintain the parties' positions relative to each other as they were at the time of dissolution, husband's obligation would have to be $430 per

month from January 11, 2001 (the date of the modification motion, ORS 107.135(5)) through September 30, 2001, and $156 per month for two additional years.[2]

■　However, maintaining the parties' positions relative to each other is where we "begin" our analysis. *Bates,* 303 Or at 45. For example, in both *Moser and Gilmore,* 184 Or App 377, 56 P3d 417 (2002), and *Hoag and Hoag,* 152 Or App 288, 954 P2d 184 (1998), we departed from pure proportionality. Our duty to do what is just and equitable under the totality of the circumstances overrides mathematical precision. ORS 107.105(1)(d); *Albrich,* 162 Or App at 37. We may accomplish that objective without doing violence to the mandate of *Bates* by focusing on all of the circumstances that have changed since the dissolution, including the noneconomic ones. Here, those circumstances include wife's serious health problems, husband's decision to retire at age 62 instead of staying longer in the workforce, and husband's current living situation: he shares a house with a woman whom he pays $400 per month for rent and with whom he splits other expenses.[3] Taking those circumstances into account, we modify husband's spousal support obligation as follows: $750 per month until September 30, 2001, effective January 11, 2001, ORS 107.135(5), and $500 per month thereafter for 24 additional months.

Remanded for entry of modified judgment awarding wife $750 per month spousal support from January 11, 2001 through September 30, 2001, and $500 per month for 24 months thereafter.

---

[2] Wife's current income is $1,874. To receive 42 percent of $5,486, she would need an income of $2,304, or support in the amount of $430 per month. To receive 37 percent of $5,486, she would need an income of $2,030, or support in the amount of $156 per month.

[3] We have no reason to believe, nor do we intend to imply, that husband's decision to retire was undertaken in bad faith.