Submitted April 18, reversed and remanded for reconsideration of spousal support; otherwise affirmed June 29, 2011

## In the Matter of the Marriage of

Angie Alayne BEEBE,
*Petitioner-Respondent,*
*and*

Bradley Howard BEEBE,
*Respondent-Appellant.*

Lane County Circuit Court
150802784; A144568

260 P3d 601

Kimberly Purdy and Arnold Law Office LLC filed the brief for appellant.

No appearance for respondent.

Before Brewer, Chief Judge, and Carson, Senior Judge.

BREWER, C. J.

## BREWER, C. J.

Husband appeals from a judgment that denied his motion to modify his spousal support obligation to wife, arguing that the trial court erred in failing to terminate the transitional portion of the award and in failing to substantially reduce the residual maintenance award. Wife has not appeared on appeal. We conclude that this is a rare instance in which, rather than resolving the case on appeal, we must remand to the trial court to correct an evidentiary problem that has forestalled the proper development of the record. Accordingly, we reverse and remand.

The parties' 15-year marriage was dissolved by a general judgment that the trial court entered in August 2008 based on the stipulation of the parties. At the time of dissolution, husband was a long-haul truck driver and wife provided in-home day care to children. Pursuant to the parties' stipulation, the judgment recited that husband's gross monthly income was $5,614, and wife's was $1,400. As pertinent here, the parties stipulated, and the judgment required, husband to pay wife child support on behalf of the parties' two minor children. The parties also stipulated, and the judgment required, husband to pay wife transitional spousal support in the amount of $1,100 per month for 24 months, $750 per month for the ensuing 18 months, and $500 per month in maintenance support for an additional 48 months, after which the spousal support award would terminate.

After the dissolution judgment was entered, the trucking industry fell into the throes of the prevailing economic downturn, and husband's monthly income declined to an average of approximately $3,200. In April 2009, husband filed a motion to modify the dissolution judgment to reduce his child support obligation in accordance with the applicable child support guidelines and to terminate or reduce each component of the spousal support award. The matter was tried to the court in September 2009.

During the course of the trial, the court made several rulings and observations that husband challenges on appeal. Among those are the following: (1) the judge's statements that the expert testimony that husband presented regarding

the likely duration and severity of the economic downturn did not comport with the judge's own impressions based on information and opinions that the judge had gleaned from external sources; and (2) the judge's apparent attribution of husband's girlfriend's income to husband in determining husband's income for purposes of spousal support, but not child support. Although those issues otherwise would merit serious consideration, they need not detain us because of the paramount evidentiary problem to which we now turn.

During the course of husband's direct testimony at trial, husband's counsel asked husband to describe the underlying purpose of the transitional spousal support award. At that point, the trial court *sua sponte* informed the parties that, because the spousal support award in this case was the product of the parties' stipulation, the pending line of inquiry was irrelevant. Despite husband's counsel's remonstrance, the court adhered to that ruling. Husband then made an offer of proof in which husband indicated that the purpose of the transitional support award had been to allow wife to obtain education or career training and that wife had told him that she no longer intended to pursue that course of action. Because the court had received husband's testimony only through an offer of proof, wife understandably offered no evidence of her own on the subject. Thus, neither party had a sufficient opportunity to develop the record on that issue.

The trial court ultimately denied husband's motion to reduce or terminate the spousal support award, but it adjusted husband's child support obligation in accordance with his posited reduced income. As discussed, husband appeals that portion of the ensuing supplemental judgment that denied him relief from the spousal support award.

The dispositive legal issue before the court was whether husband had established an unanticipated "substantial change" in the parties' circumstances that would make it just and equitable to modify the spousal support award. ORS 107.135(3)(a); *Tomos and Tomos*, 165 Or App 82, 87, 995 P2d 576 (2000). "The burden of establishing a change of circumstances is on the party requesting the change." *Thomas and Thomas*, 181 Or App 128, 131, 45 P3d 954 (2002). As a general principle, it is the policy of the Oregon

courts to enforce an agreement voluntarily entered into by the parties. *Weber and Weber*, 337 Or 55, 64-65, 91 P3d 706 (2004). However, modification of a spousal support award is proper if the original purpose of the award has been fulfilled, *Moser and Gilmore*, 184 Or App 377, 380-81, 56 P3d 417 (2002), or if subsequent changes have substantially affected one party's ability to pay or the other party's need for support. *Weber*, 337 Or at 65-66. Thus, even if a spousal support award is based on a marital settlement agreement, evidence of the purpose of the award is relevant to determine whether a substantial change in circumstances has occurred. *Fletcher and O'Kain*, 214 Or App 585, 590, 167 P3d 984 (2007), *rev den*, 344 Or 109 (2008). Stated differently, even where parties have stipulated to an initial spousal support award, nothing limits their ability to file a motion to modify the award under ORS 107.135.[1]

Here, a significant portion of the spousal support award was designated as transitional support. Under ORS

[1] ORS 107.135(15) provides:

"(a) It is the policy of this state:

"(A) To encourage the settlement of cases brought under this section; and

"(B) For courts to enforce the terms of settlements described in paragraph (b) of this subsection to the fullest extent possible, except when to do so would violate the law or would clearly contravene public policy.

"(b) In a proceeding under subsection (1) of this section, the court may enforce the terms set forth in a stipulated order or judgment signed by the parties, an order or judgment resulting from a settlement on the record or an order or judgment incorporating a settlement agreement:

"(A) As contract terms using contract remedies;

"(B) By imposing any remedy available to enforce an order or judgment, including but not limited to contempt; or

"(C) By any combination of the provisions of subparagraphs (A) and (B) of this paragraph.

"(c) A party may seek to enforce an agreement and obtain remedies described in paragraph (b) of this subsection by filing a motion, serving notice on the other party in the manner provided by ORCP 7 and, if a remedy under paragraph (b)(B) of this subsection is sought, complying with the statutory requirements for that remedy. All claims for relief arising out of the same acts or omissions must be joined in the same proceeding.

"(d) *Nothing in paragraph (b) or (c) of this subsection limits a party's ability, in a separate proceeding, to file a motion to modify an order or judgment under subsection (1) of this section or to seek enforcement of an ancillary agreement to the order or judgment.*"

(Emphasis added.)

107.105(1)(d)(A), such support is appropriately awarded as needed to assist with an obligee's education or job training. The trial court erred in excluding husband's testimony because it would have been relevant to the determination of whether the purpose of the transitional support award had been satisfied. Because neither party had a reasonable opportunity to develop the record on that issue, we reverse and remand for a new trial on husband's motion to modify his spousal support obligation.[2]

Reversed and remanded for reconsideration of spousal support; otherwise affirmed.

---

[2] Because neither party has challenged the trial court's disposition of husband's motion to modify his child support obligation, that issue is not within the scope of our remand.