Argued and submitted November 4, 2015, on appeal, vacated and remanded, cross-appeal dismissed as moot January 21, 2016

In the Matter of the Marriage of

Keith W. HARLESS,
*Petitioner-Appellant*
*Cross-Respondent,*
*and*

Susan E. HARLESS,
nka Susan E. Schneider,
*Respondent-Respondent*
*Cross-Appellant.*

Deschutes County Circuit Court
98DO0545MA; A156577

366 P3d 402

Ruth C. Rocker argued the cause for appellant-cross-respondent. With her on the briefs were Janet M. Schroer and Hart Wagner LLP.

Steven K. Chappell argued the cause and filed the briefs for respondent-cross-appellant.

Before Lagesen, Presiding Judge, and Garrett, Judge, and Schuman, Senior Judge.

GARRETT, J.

**GARRETT, J.**

Husband and wife divorced in 1999. They entered into a marital settlement agreement (MSA) that formed the basis for a stipulated decree of dissolution of marriage and final judgment (stipulated judgment). As pertinent on appeal, the stipulated judgment required husband to pay spousal support in the amount of $2,500 per month for an indefinite period of time. In 2013, husband moved to terminate that spousal support award on the grounds that his retirement at the age of 66 had effected a substantial change of circumstances and that the original purpose of the spousal support award had been fulfilled. Wife opposed the motion. Following an evidentiary hearing, the trial court concluded that both parties' retirements were a change in circumstances warranting a modification to the spousal support award. The court, however, denied husband's request to terminate the award and entered a supplemental judgment that instead reduced the monthly award from $2,500 to $1,400. Husband appeals that supplemental judgment, arguing that the trial court erred in denying his motion to terminate the spousal support award. Wife cross-appeals, assigning error to the modification. As explained below, because we conclude that the trial court based its denial of husband's motion to terminate the spousal support award on a finding not supported by the record, we vacate and remand for further proceedings. Consequently, wife's cross-appeal is dismissed as moot.

In light of our disposition, a detailed recitation of the facts is unnecessary. In brief, the parties divorced in 1999 after 29 years of marriage. Both parties were employed at the time; husband's monthly income as a medical doctor was substantially more than wife's. Under the stipulated judgment, among other things, the parties' retirement assets were divided approximately equally. The stipulated judgment also awarded wife indefinite spousal support of $2,500 per month, although it expressly provided for the possibility of future modification based on changed circumstances. Consistent with the stipulated judgment, husband has paid $2,500 in monthly spousal support since 1999. Both parties had remarried by the time husband retired in 2012, at the

age of 66. In 2013, husband moved to terminate the spousal support award.

In a letter opinion, the trial court made the following findings:

"In the instant case, the Stipulated Judgment does not state the specific reason for [the] spousal support award. *The court finds, however, that the purpose of the support award was to equalize the parties' incomes following their long-term marriage.*

"* * * * *

"The court finds that the retirement of both parties is a sufficient change in circumstances to allow the court to review and modify support in the instant case. The court finds that neither party retired early, that both parties retired at or about traditional retirement age, and that it is unreasonable to expect either party to return to the work force. * * *

"* * * * *

"The court further finds that, while both [husband] and [wife] have remarried, the financial consequences of these remarriages are currently not significant enough to affect the court's analysis and ultimate decision.

"[Husband's] current gross income is from social security and amounts to $2279 per month; [wife's] amounts to $1170 per month. Neither party's social security income is sufficient to cover their fixed expenses. [Husband] has approximate retirement funds of $958,000; [wife] has approximate retirement funds of $620,000. The court accepts [wife's] representation of fixed living expenses of $5,927 per month ($71,000 per year) and [husband's] at $5253 per month ($63,000 per year). Based upon the evidence, the court applies an earnings rate of 4% per year to each party's retirement account which would result in approximate growth of $38,000 per year for [husband] and $25,000 per year for [wife]. The gap between social security income and fixed expenses for [husband] is $36,000 per year, $57,000 for [wife]. When social security is added to the expected return on retirement funds, [husband] is positive $2,000 per year and [wife] is negative $32,000 per year.

"The court finds that it is not possible for [husband] to continue to support [wife] at the current level and also pay his fixed expenses, without using principal retirement funds. The court believes that, to the extent this is necessary, it is a financial burden that should be shared by the parties based upon the court's finding regarding the purpose of the original support award. Spousal support is modified to $1400 per month as of the date of this decision. *The court believes that this amount is just and equitable under the totality of the circumstances because it recognizes the original purpose of the support award balanced against the new reality of the parties' retirements.*"

(Emphases added.)

Husband's principal argument on appeal is that the trial court's finding that the "original purpose" of the spousal support award was to "equalize the parties' incomes" is erroneous and lacks any support in the record. Wife does not dispute that the trial court erred in its characterization of the original purpose of the award but contends that, notwithstanding that error, the trial court correctly denied husband's motion to terminate the award. In her cross-appeal, wife argues further that the trial court erred in reducing the award from $2,500 to $1,400.

"[M]odification of a spousal support award is proper if the original purpose of the award has been fulfilled, or if subsequent changes have substantially affected one party's ability to pay or the other party's need for support." *Beebe and Beebe*, 244 Or App 44, 48, 260 P3d 601 (2011) (citations omitted). Where, as here, the trial court finds a substantial change in the parties' circumstances, the court may modify the order of support consistently with the express purpose of the support. *McArdle and McArdle*, 186 Or App 672, 676, 64 P3d 1178 (2003). If the dissolution court does not provide an express reason for the support, the court's task is to "maintain the relative positions of the parties as established in the initial [judgment] in light of their changed circumstances." *Id.* (quoting *Bates and Bates*, 303 Or 40, 47, 733 P2d 1363 (1987)). That is so because the original support award "presumptively reflects the most equitable distribution of income between the parties." *Bates*, 303 Or at 47. Ultimately, the court's duty is to do what is just and

equitable under the totality of the circumstances. *McArdle*, 186 Or App at 677.[1]

On appeal, husband requests *de novo* review only if we grant wife's request for *de novo* review on cross-appeal, but not otherwise. This is not an "exceptional case" in which the exercise of that discretion is warranted. *See* ORS 19.415(3)(b) (*de novo* review is discretionary in equitable actions); ORAP 5.40(8)(c) (exercise of discretion to conduct *de novo* review is appropriate "only in exceptional cases"). Accordingly, we decline to conduct *de novo* review. Because the determination of the original purpose for which an award of spousal support was made is a factual finding, we review to determine whether that finding is supported by any evidence in the record. *Cf. Tilson and Tilson*, 260 Or App 427, 431, 317 P3d 391 (2013) (reviewing the trial court's findings of historical fact regarding the parties' economic circumstances to determine whether those findings are supported by any evidence in the record). Further, we review for abuse of discretion the trial court's ultimate conclusion as to whether, and to what extent, modification of an existing award is "just and equitable under the totality of the circumstances." *Id.* at 432 (citing *Luty and Luty*, 245 Or App 393, 401, 263 P3d 1067 (2011)).

The trial court's finding that the parties' respective retirements constituted a "substantial change" in economic circumstances is not contested on appeal and is supported by our case law. *See Reaves and Reaves*, 236 Or App 313, 315-19, 236 P3d 803 (2010); *see also Gibson and Gibson*, 217 Or App 12, 18, 174 P3d 1066 (2007) ("[I]n light of the changes in the parties' resources due to changes in employment status and the receipt of Social Security benefits, there has been a

---

[1] In *McArdle*, we explained that a court may depart from "pure proportionality" in modifying a support award when doing so is just and equitable under the totality of the circumstances:

"[M]aintaining the parties' positions relative to each other is where we 'begin' our analysis. For example, in both *Moser and Gilmore*, 184 Or App 377, 56 P3d 417 (2002), and *Hoag and Hoag*, 152 Or App 288, 954 P2d 184 (1998), we departed from pure proportionality. Our duty to do what is just and equitable under the totality of the circumstances overrides mathematical precision. We may accomplish that objective without doing violence to the mandate of *Bates* by focusing on all of the circumstances that have changed since the dissolution, including the noneconomic ones."

186 Or App at 677 (some citations omitted).

substantial change in circumstances."). Thus, the sole question is whether the particular modification granted by the trial court was appropriate. *See Reaves,* 236 Or App at 319. On that question, it is dispositive that the trial court's modification was based on a factual finding that the record does not support. Specifically, there is no support for the finding that the original purpose of the spousal support award was to "equalize the parties' incomes" following their divorce. The stipulated judgment, on its face, says nothing that would support that finding by the trial court. Furthermore, husband argues, and wife implicitly concedes, that the evidence before the trial court would not support such a finding. Accordingly, we proceed from the parties' shared understanding that the trial court erred in its characterization of the original purpose of the spousal support award.

From that premise, husband argues that, because the stipulated judgment did not specify a purpose for the spousal support award, the trial court, under *Bates,* should have sought to maintain the relative position of the parties as established by the stipulated judgment. Alternatively, husband argues, the trial court should have ascertained from the record evidence that the original purpose of the support award was to provide wife with additional monthly income to enable her to pay off the mortgage on the marital residence and to enjoy a standard of living commensurate with what she enjoyed during the marriage. Either path, according to husband, leads to the same conclusion: In light of the parties' changed circumstances, the support award should be terminated. As for wife, although she concedes that the trial court's finding as to the original purpose of the spousal support award is unsupported by the record, it is not altogether clear what wife takes the original purpose to have been.[2]

---

[2] Wife argues, among other things, that the award was intended to compensate wife for her contributions to husband's education, training, and earning capacity during the marriage—a contention that, according to husband, lacks any evidentiary support and is inconsistent with other aspects of the stipulated judgment, such as the property division. We understand wife's central argument, in any event, to be that *Bates* is not controlling in this case and that the trial court's conclusion regarding the continuation, termination, or modification of spousal support was required to be based on what is just and equitable under the circumstances. Wife cites a variety of factors in arguing that the only just and equitable result is the indefinite continuation of $2,500 monthly support.

In this case, the exercise of the trial court's discretion in modifying the spousal support award turned on its resolution of a factual issue—the original purpose of the spousal support award. And, although husband and wife disagree about much, they agree that the trial court erred in its determination of that purpose. That error requires us to vacate the supplemental judgment because it explicitly formed the basis for the trial court's ultimate determination as to what is just and equitable. The trial court first found that the purpose of the award was to equalize the parties' incomes; that finding is not supported by evidence in the record. The court then adjusted the monthly support award to fulfill *that purpose* in light of the parties' respective changed circumstances. If the original purpose was not to equalize the parties' incomes in perpetuity, then the trial court sought to maintain a proportionality in husband's and wife's incomes that was never contemplated. Given that, the trial court abused its discretion in modifying the spousal support award.

Based on the foregoing, we vacate and remand the trial court's supplemental judgment, which renders wife's cross-appeal moot. *Cf. Grisby v. Progressive Preferred Ins. Co.*, 233 Or App 210, 219-21, 225 P3d 101 (2010) (remanding for reconsideration an award of attorney fees where the trial court's exercise of discretion in awarding those fees was based substantially on a materially erroneous factual premise). On remand, the trial court's analysis should be guided by whether, in light of the parties' changed circumstances, modification or termination of support would be consistent with maintaining the relative positions of the parties, as set out by the MSA. *Reaves*, 236 Or App at 319; *see also Gibson*, 217 Or App at 21-23 (a modified support award that closely approximated the overall percentage division of cash flow between the parties as set out in the judgment of dissolution was just and equitable). That determination requires the court to ascertain what those relative positions are; the court should determine the proportionality of the division effectuated by the MSA, as well as the "nature and amount of the resources that are now available to each of the parties." *Reaves*, 236 Or App at 319-20.[3] Husband, as the party

---

[3] Under ORS 107.135(4)(a)(B), courts are required to "consider income opportunities and benefits of the respective parties from all sources, including but not

seeking the termination, bears the burden of showing that termination of the support is warranted. *Id.* at 319. However, as noted, the overriding consideration in setting the appropriate amount of spousal support is what is just and equitable, taking into account all of the circumstances that have changed since the dissolution. *McArdle*, 186 Or App at 677.

On appeal, vacated and remanded; cross-appeal dismissed as moot.

---

limited to * * * [r]etirement benefits available to the obligor and to the obligee." And, although such retirement benefits must be considered, it does not necessarily follow that those benefits must be treated as current income from which a spouse can continue to pay a higher level of spousal support. *See Albrich and Albrich*, 162 Or App 30, 37, 987 P2d 542 (1999) ("Although * * * husband's retirement and investment accounts are a potential source of income that must be 'considered,' we nevertheless conclude that *consideration* of those accounts does not * * * mandate that husband's support obligation remain at the level set in the original dissolution judgment." (Emphasis in original.)); *see also Gibson*, 217 Or App at 21 ("Among other equitable considerations * * * is the notion that, having divided their existing assets at the time of dissolution, parties generally expect to separately retain and acquire assets after dissolution without automatically subjecting them to further division in the guise of spousal support.").