Argued and submitted September 27, 2010, reversed and remanded with instructions to enter a judgment terminating husband's obligation to pay spousal support effective May 1, 2008; otherwise affirmed September 8, 2011

In the Matter of the Marriage of

Janet May LUTY,
*Petitioner-Respondent,*

*and*

Jeffrey Alexander LUTY,
*Respondent-Appellant.*

Multnomah County Circuit Court
950666403; A141437

263 P3d 1067

Robert Demary argued the cause and filed the brief for appellant.

Paul G. Dodds argued the cause for respondent. With him on the brief were James W. Hendry and Brownstein, Rask, Sweeney, Kerr, Grim, DeSylvia & Hay, LLP.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Duncan, Judge.

ARMSTRONG, J.

**ARMSTRONG, J.**

Husband appeals a supplemental judgment denying his motion to terminate or, in the alternative, to reduce his spousal support obligation to wife; finding husband in contempt for willfully failing to pay wife various obligations imposed by the parties' stipulated dissolution judgment; and awarding wife her attorney fees in the contempt proceeding. Of the three assignments of error raised by husband, we reject without discussion his challenge to the contempt determination and the related award of attorney fees and write to address husband's contention that the court erred in concluding that the decrease in his income after the indefinite suspension of his license to practice medicine was not a significant change in economic circumstances justifying the termination or reduction of his spousal support obligation. We agree with husband on that assignment and, accordingly, reverse and remand.

We review the facts *de novo*. ORS 19.415(3) (2007).[1] Husband and wife were married for 15 years. About eight years into the marriage and one year after the birth of the last of the parties' three children, husband entered medical school. While husband was pursuing his medical degree, he had, at times, a part-time job, but wife, working full time and receiving assistance from her parents, covered the majority of the family's financial needs and assumed most of the household and childcare responsibilities. After husband graduated from medical school, he began his residency, and, because husband's income had increased, wife began working part time and spent more time taking care of the parties' children.

Shortly thereafter, the parties sought to dissolve their marriage. The court entered a stipulated judgment of dissolution in 1996, imposing on husband, among other things, a spousal support obligation that was consistent with the obligation to which the parties had agreed in a marital settlement agreement. Husband's spousal support obligation

---

[1] ORS 19.415 was amended in 2009. Or Laws 2009, ch 231, § 2. The amendments apply to appeals in which the notice of appeal was filed on or after June 4, 2009. Or Laws 2009, ch 231, § 3. Because the notice of appeal in this case was filed on March 2, 2009, we apply the 2007 version of ORS 19.415.

was structured in such a way that it would increase over time in anticipation of the increased income husband would earn after completing his residency; his income was $8,333 per month at the time of the dissolution. Specifically, husband was required to pay spousal support of $333 per month from October 1995 to June 1996; $2,000 per month from July 1996 to December 1999; and $2,500 per month from January 2000 to December 2012.

In addition to his spousal support obligation, husband was required to pay $1,000 per month for child support. However, in 1998, wife sought to increase husband's child support obligation because his income had substantially increased since the entry of the dissolution judgment, which resulted in a stipulated modification to the judgment increasing child support. In 2002, husband moved the court for a decrease in his child support obligation, and the court entered another stipulated modification to the dissolution judgment that reduced child support. The 2002 stipulated modification provided, as pertinent to this case:

"2.   CHILD SUPPORT.

"* * * * *

"G.   Future Modification of Support. * * * In order to avoid further litigation between them, the parties do not intend to further modify child support, *and increases or decreases to each party's income shall not constitute a substantial change of financial circumstances*. The parties agree that the court shall have jurisdiction to review and modify the payment of child support and spousal support in the event either party files for a future modification of child or spousal support."

(Capitalization and underscoring in original; emphasis added.)

From 2002 to 2006, husband was employed as a physician, earned between $200,000 and $256,000 a year, and met all of his support obligations. However, husband's cocaine use, which began when he first met wife, increased after the parties' separation and escalated in 2005 from "recreational use" to a serious problem affecting his work performance. In 2006, husband gave his employer, Providence

Health Systems (Providence), notice that he was resigning, and, despite his attempts to withdraw his notice, his employment was terminated. In June 2007, husband stopped making payments to wife on his spousal and child support obligations.

After pursuing treatment for his addiction and borrowing large sums of money from his family and friends, husband began working for Providence again in February 2008. Two and one-half months later, husband, who had been in treatment for nine months for his cocaine addiction, had a "slip" from his recovery and used cocaine due, according to husband, to work-related anxiety. After that slip, husband revealed his substance abuse disorder to the Health Professionals' Services Program, which subsequently informed the Oregon Medical Board of the issue. As a result, husband lost his job at Providence, and his license to practice medicine was effectively suspended pending completion of an investigation into husband's fitness to continue practicing medicine. Despite some efforts to find a better-paying job after the suspension, husband began working for minimum wage through a staffing service.

Based on the substantial decrease in his income and his resulting inability to pay his spousal support obligation, husband filed a March 2008 motion seeking to terminate or reduce spousal support. Husband contended that his decrease in income was a substantial change in his economic circumstances justifying such a modification and that the court had to apply the 1997 version of ORS 107.105 when considering that contention. In response, wife denied that there had been a substantial change in economic circumstances sufficient to modify spousal support and, in May 2008, filed a motion seeking to have the court hold husband in contempt for, among other things, failing to pay her $28,750 in spousal support arrearages that had accumulated as of her filing.

After the hearing on the motions, the court issued a letter opinion, concluding that

> "[t]he bottom line is that [husband] is a recovering substance abuser who has lost, at least temporarily, his license to practice medicine as an Oregon physician and therefore

cannot earn as much money as he could in the past. How long it will take him to recover to the point where he could regain his license and return to a similar income level is unknown. Given the circumstances which led to his voluntary reporting to the Oregon Board of Medical Examiners and the subsequent suspension of his license, I believe it is within [husband's] power and control to regain his license, subject of course to his ability to conquer his addiction.

"The most significant issue is whether the court may or should consider modifying the spousal support ordered in this case, as the answer to that question could moot other issues. After careful consideration of both sides' arguments, with a deep acknowledgement of the difficulties addicts have in overcoming their disease, I agree with the legal and public policy arguments submitted by [wife]. Therefore, I conclude that I * * * will not modify the spousal support based on [husband's] addiction. This conclusion would be the same regardless of which statute [governing spousal support] applies, so ultimately the parties' contentions in that regard are moot."

The court also found husband in contempt for, among other things, his failure to pay his various support obligations. Accordingly, the court entered a supplemental judgment declining to modify husband's spousal support obligation, finding husband in contempt, and awarding wife her support arrearages and her attorney fees.

On appeal, husband renews his argument that his substantial and involuntary reduction in income establishes a change in economic circumstances sufficient to justify the termination or reduction of his spousal support obligation. Wife remonstrates that the court correctly denied husband's motion to modify spousal support because (1) the language in the 2002 stipulated modification of the dissolution judgment precludes husband from obtaining a modification of spousal support based on a change in his income and (2) a decrease in husband's ability to pay spousal support resulting from his cocaine addiction does not justify modification of his otherwise appropriate spousal support obligation. For the reasons that follow, we agree with husband.

Under ORS 107.135, a court may set aside or modify a spousal support award if there has been a substantial change in economic circumstances sufficient to justify the court's reconsideration of the award.[2] In addition to the court's overarching consideration of what is just and equitable under the totality of the circumstances, ORS 107.105(1)(d); *Halsey and Halsey*, 180 Or App 169, 177, 41 P3d 1119 (2002), the court must consider—when determining whether there has been a substantial change in economic circumstances—the parties' present incomes as well as their potential future incomes, ORS 107.135(4)(a) (providing that court must consider "income opportunities and benefits of the respective parties from all sources," including "[t]he reasonable opportunity of each party * * * to acquire future income and assets"); *Pagano and Pagano*, 147 Or App 357, 363, 935 P2d 1246 (1997). However, when considering potential future income, the court must determine whether "there is enough information to make an informed prediction as to changes in future earning capacity." *Furlong and Furlong*, 120 Or App 105, 109, 852 P2d 233 (1993). Further, the substantial

---

[2] ORS 107.135 provides, in relevant part:

"(3) In a proceeding under this section to reconsider the spousal or child support provisions of the judgment, the following provisions apply:

"(a) A substantial change in economic circumstances of a party, which may include, but is not limited to, a substantial change in the cost of reasonable and necessary expenses to either party, is sufficient for the court to reconsider its order of support, except that an order of compensatory spousal support may only be modified upon a showing of an involuntary, extraordinary and unanticipated change in circumstances that reduces the earning capacity of the paying spouse."

The statutory framework governing spousal support awards was substantially amended in 1999, including, under ORS 107.105(1)(d), the creation of categories of spousal support—*viz.*, transitional spousal support, compensatory spousal support, and spousal maintenance. Or Laws 1999, ch 587, § 1. Further, ORS 107.135(3)(a) was amended to provide: "that an order of compensatory spousal support may only be modified upon a showing of an involuntary, extraordinary and unanticipated change in circumstances that reduces the earning capacity of the paying spouse." Or Laws 1999, ch 587, § 2. However, because those amendments apply only to petitions for dissolution filed on or after October 23, 1999, Or Laws 1999, ch 587, § 3, and, accordingly, do not allow retroactive classification of the spousal support award in the parties' 1996 dissolution judgment as compensatory support, *see Halsey and Halsey*, 180 Or App 169, 174 n 6, 41 P3d 1119 (2002) (discussing effect of 1999 amendments), the language added to ORS 107.135(3)(a) in 1999 regarding modification of compensatory spousal support does not apply in this case.

change in economic circumstances must have been unantici-
pated when the court entered the last relevant judgment in
the dissolution proceeding, *Eidlin and Eidlin*, 140 Or App
479, 483 n 3, 916 P2d 338 (1996), and the court may consider
the effect of physical and mental disabilities on the parties'
incomes, *see Pagano*, 147 Or App at 362 ("As Oregon courts
have previously held, the limitations on a party's earning
capacity from physical and emotional disabilities are an
appropriate consideration in establishing spousal support
that is just and equitable.").

Here, the parties anticipated that husband's income
would substantially increase when he began practicing med-
icine, and they structured the spousal support award to
account for that increase. From 2002 to 2006, the parties'
assumptions proved correct as husband was earning between
$16,667 and $21,333 a month as a physician and making his
monthly $2,500 spousal support payment. But the escalation
of husband's cocaine addiction and its effect on his income
were certainly unanticipated by the parties. At the time that
he filed his motion to modify his spousal support obligation,
husband's gross monthly income had fallen to about $1,238 a
month before accounting for his monthly expenses, including
his monthly $2,500 child support payment to wife. Although,
as the trial court observed, there is a possibility that hus-
band's license to practice medicine may be reinstated—and,
as a result, his income could increase—that predicted
increase is wholly dependent on the results of the Oregon
Medical Board's investigation into husband's fitness to con-
tinue practicing medicine. Therefore, we conclude that there
is not sufficient information to predict such a future increase
in husband's income. Without that speculative prediction
and after considering that husband's substance abuse disor-
der caused the unmanageable disparity between his gross
monthly income and his spousal support obligation, we
conclude that there has been a substantial change in eco-
nomic circumstances warranting reconsideration of the
spousal support award.[3] Further, termination of husband's

---

[3] There is no indication in the record, nor did the parties argue on appeal, that
husband had voluntarily reduced his income to avoid paying his spousal support
obligation. Therefore, ORS 107.135(4)(b) does not cut against our conclusion in this
case.

spousal support obligation as of the time that his motion for modification was served, ORS 107.135(6),[4] is just and equitable under the totality of the circumstances.[5]

Wife's argument to the contrary—*viz.*, that the provision in the 2002 stipulated modification of the dissolution judgment that states that "increases or decreases to each party's income shall not constitute a substantial change of financial circumstances" precludes husband from obtaining a spousal support modification based on a change in his income—does not undermine our conclusion. The language on which wife relies is, at best, ambiguous as to its applicability to modification of spousal support. On the one hand, the parties may have intended the language to apply only to future modifications of husband's *child support* obligation because (1) the 2002 stipulation only addressed husband's request to decrease his child support obligation; (2) the provision containing the relied-upon language is in a paragraph entitled: "CHILD SUPPORT"; and (3) the beginning of the sentence that contains the language on which wife relies— *viz.*, "[i]n order to avoid further litigation between them, the parties do not intend to further modify child support"— arguably shows that the parties intended only to address future efforts to modify child support. On the other hand, the parties may have intended the language to apply to both future child and spousal support modifications because the sentence following the relied-upon language states that "[t]he parties agree that the court shall have jurisdiction to review and modify the payment of child support and spousal support in the event either party files for a future modification of child or spousal support." Therefore, the language does not have the indisputable thrust that wife attributes to it, and we decline on this record to interpret the language as foreclosing modification of spousal support based on changes in the parties' incomes.

---

[4] ORS 107.135(6) provides that "[a]ny modification of child or spousal support granted because of a change of circumstances may be ordered effective retroactive to the date the motion for modification was served or to any date thereafter."

[5] We note that nothing in this opinion should be construed as preventing wife from seeking reinstatement of the spousal support award under ORS 107.136 if husband returns to an income level at which he can pay spousal support.

In sum, the trial court erred in denying husband's request to terminate his spousal support obligation. We therefore reverse and remand the court's supplemental judgment in that regard.

Reversed and remanded with instructions to enter a judgment terminating husband's obligation to pay spousal support effective May 1, 2008; otherwise affirmed.