Argued and submitted November 15, 2012, supplemental judgment modifying corrected general judgment of dissolution reversed April 17, 2013

In the Matter of the Marriage of

Julie Rose McKINNON,
*Petitioner-Appellant,*
*and*

Melvin David McKINNON,
*Respondent-Respondent.*

Linn County Circuit Court
040392; A148629

300 P3d 257

George W. Kelly argued the cause and filed the briefs for appellant.

Andrew S. Noonan argued the cause for respondent. With him on the brief was Long, Delapoer, Healy, McCann & Noonan, P.C.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Hadlock, Judge.

SCHUMAN, P. J.

**SCHUMAN, P. J.**

Wife appeals from a supplemental judgment modifying spousal support and relieving husband of the obligation to submit to a physical examination pursuant to ORS 107.820(3), so that wife may purchase insurance on his life. Because we conclude that some of the trial court's findings concerning wife's income are inconsistent with the record, and we also conclude that the record does not establish a substantial change in circumstances necessary for a modification of support, we exercise our discretion to review *de novo*, and reverse. ORS 19.415(3); ORAP 5.40(8).

The parties were married in 1975 and had been married for 29 years at the time of dissolution in 2005. They had been separated since October 11, 2002. Husband was 56 years old at the time of trial, and he was disabled. Wife was 49 years old and generally in good health. During the marriage, wife did not have full-time work outside the home, but cared for the parties' child, who is now an adult.

On February 8, 2005, the dissolution court entered a stipulated general judgment of dissolution. On May 22, 2007, the court entered a stipulated corrected judgment, *nunc pro tunc* February 8, 2005. The corrected judgment recited that husband's monthly income was $4,110 (composed of Veterans' Administration disability benefits and Social Security disability), and that wife had monthly income of $1,325 from self-employment, as well as income from a part-time job (in an amount unstated) and rental income of $450 from a home awarded to her by the dissolution judgment. The judgment also awarded wife half interests in two pensions, but did not state the amounts. It awarded wife $900 per month in spousal support, indefinitely. The judgment described the division of the parties' assets, including real property, and awarded wife an equalizing judgment of $78,330. The judgment further provided:

> "Wife has an insurable interest in Husband's life and is authorized by ORS 107.810, *et seq*, to purchase insurance on Husband's life should she decide to do so. This includes the right to require that Husband submit himself to a physical examination as required by ORS 107.830. Husband shall fully and promptly cooperate with any request made by Wife in her effort to purchase insurance on Husband's life."

Husband filed a motion to terminate or reduce spousal support in May 2010, contending that there had been a substantial change in circumstances. He asserted that wife's income had increased since the time of trial as the result of a part-time job paying her $17.50 per hour and her receipt of pension benefits that were awarded to her in the corrected judgment.

The trial court found that wife's income had almost doubled from the amount stated in the corrected general judgment and concluded that, as a result, there had been a substantial change in circumstances. The court, in a supplemental judgment, ordered a reduction in monthly spousal support to $500, and also ordered that husband "shall not be required to submit to physical examination for the purposes of allowing [wife] to obtain life insurance on his life."[1]

On appeal, wife argues in her first assignment that the trial court erred in reducing spousal support, asserting that her income is essentially the same as it was at the time of the dissolution judgment, and that there has not been a substantial change in circumstances. We agree. On *de novo*

---

[1] In its supplemental judgment, the trial court made these findings:

"D. The award of spousal maintenance support in the dissolution judgment was determined to be indefinite and has no ending date.

"E. At the time of entry of the Judgment of Dissolution, [wife] had income of $1,325 per month. [Husband] had income derived from Social Security and military disability in the amount of $4,110 per month.

"F. The Court finds, at the present time, that [wife] has income of $2,794 per month, exclusive of spousal support. Said income includes $862.50 per month from teaching preschool, $790 from work with the Lacomb Irrigation District, $550 per month in rent, and $591.50 in retirement benefits. The Court finds that [husband] has income of $5,332.50 per month including $4,741 per month from Social Security and U.S. Military Disability. [Husband] also received $383 from the United Steel Worker's Pension and has the ability to receive $208 per month in additional retirement benefits from Western States Asbestos Worker's Pension Plan.

"G. Since entry of the Judgment of Dissolution, the Court finds that there has been a substantial change in circumstances regarding [wife's] income and earning capacity. The Court finds that [wife's] income has essentially doubled since the time of the dissolution. Accordingly, it is appropriate that spousal support be reduced.

"H. The Court also finds that Wife's insurable interest in Husband's life was interim in nature and declines to require insurance on Husband's life to insure the spousal support obligation."

review, we find that there has been a *possible* increase in wife's income, but by no more than $277 per month.

At the time of the dissolution judgment, wife had several sources of income: She operated a preschool out of a church, and the corrected judgment stated a monthly income from that endeavor of $1,325. In fact, that amount was the gross monthly income from the preschool for nine months of the year, before the deduction of school expenses. The corrected judgment also stated that wife earned income from part-time employment, but did not state the amount of that income. The corrected judgment stated that wife had income from the rental of a house awarded to her by the judgment. The record shows that, at the time of the corrected judgment, wife's income from the rental house was $450. The corrected judgment awarded wife a half interest in husband's two pensions, for an income stream of $591.50 per month. Not including the unknown amount of income that wife earned from her part-time job, wife's total gross income at the time of dissolution was $2,366.50. In calculating wife's income at the time of dissolution, the trial court only used $1,325, and did not include the pension income or the rental income. Thus, it appears that the trial court underestimated wife's monthly income by more than $1,000.

Currently, wife continues to run the preschool, but her income from that work is approximately $712 per month after the deduction of the expenses of running the school and when the income is averaged over 12 months; wife testified as to the amount and nature of the expenses (books, toys, and supplies), and husband offered no rebuttal. In addition to running the preschool, wife works 10 to 12 hours per week as an office manager for a water district and earns approximately $790 before taxes. Wife's rental income has increased by $100 to $550 per month. She continues to receive monthly pension benefits of $591.50. Thus, her income is approximately $2,644, for an increase of approximately $277.50 over that earned at the time of dissolution, without including the unknown amount of income that wife had at that time from her part-time job. If we presume that wife's unknown income from her part-time job at the time of dissolution was approximately equal to what she

was earning at the part-time job she held at the time of the modification, her total income at that latter time has actually decreased.[2]

Meanwhile, husband's income has increased by approximately $600 per month, apparently as a result of cost-of-living adjustments to his disability income. At the time of the dissolution judgment, husband's income was $4,110, plus the pension benefits he was entitled to receive under that judgment. The pension benefits totaled $591.50 per month, for a total potential monthly income of $4,701.50. At the time of the modification hearing, husband's potential income was $5,332.50. Thus, his potential income has increased by over $600 since the entry of the corrected judgment. The disparity in the parties' monthly income remains significant—approximately $2,700. Additionally, wife pays taxes on all of her income, and husband does not. Wife also pays health insurance premiums, and husband does not. A modification of spousal support requires an unanticipated substantial change in the economic circumstances of a party. ORS 107.135(3)(a); *Weber and Weber*, 337 Or 55, 62, 91 P3d 706 (2004). The slight increase in wife's income does not constitute a substantial change in circumstances. *See id.* at 67 (a post-dissolution increase in a payor spouse's income "does not of itself ordinarily" constitute a "substantial change in economic circumstances" requiring a court to reconsider a previous spousal support award). The trial court therefore erred in modifying spousal support.

In her second assignment, wife contends that the trial court also erred in relieving husband of the obligation to submit to a physical examination, so that wife can purchase insurance on his life.[3] Again, we agree. As previously noted, the corrected judgment expressly provided that wife was entitled to purchase insurance on husband's life to insure his support obligation and, further, required that husband

---

[2] The pension benefits and rental income that wife was awarded in the corrected judgment were part of her anticipated income at the time of dissolution and, contrary to the trial court's findings, do not represent an increase in her income.

[3] We reject without discussion husband's contention that wife failed to raise the issue of husband's compliance with the requirement to submit to a physical examination. The issue was raised by wife at the hearing, and the trial court ruled that husband was relieved of the obligation.

cooperate with a request by wife to submit to a physical examination for the purpose of purchasing insurance. The trial court's rationale in relieving husband of that obligation was that wife's entitlement to insurance on husband's life was intended as transitional only, and that it had served its purpose. But, as ORS 107.820(3) provides, a spouse who receives an award of support may purchase life insurance on the life of the obligated spouse for as long as the obligation continues, and "the court shall order the obligated party to undergo a physical examination." It was not within the trial court's authority to relieve husband of that obligation. If wife requests that husband submit to a physical examination so that she may obtain insurance on his life, he must do so or risk being held in contempt.

Supplemental judgment modifying corrected general judgment of dissolution reversed.