ORTEGA, P. J.
*9 Husband appeals supplemental judgments granting his motion to modify spousal support and awarding attorney fees and costs to wife. The trial court concluded that, because wife received an economic benefit from staying in her partner's house in Yachats, her use of that property constituted "a substantial change in economic circumstance," ORS 107.135(3)(a),[1] justifying a $225 monthly reduction in wife's spousal support. However, the court awarded attorney fees and costs to wife due to deficiencies in husband's case that had unnecessarily prolonged the modification proceedings. On appeal, husband contends that the spousal award should have been terminated or substantially reduced, while on cross-appeal, wife argues that the court erred in reducing the award at all. Although we disagree with the trial court's conclusion that the benefit wife received from staying at the Yachats property constituted a "substantial change in economic circumstances," we agree, without further discussion, that the award of attorney fees to wife was appropriate. Accordingly, we reverse the supplemental judgment granting husband's motion to modify the spousal support award and affirm the award of attorney fees to wife.
We decline to exercise our discretion to review the judgment de novo as husband requests, because he has not demonstrated *230 that this is an "exceptional case" warranting such review. See ORS 19.415(3) ; ORAP 5.40(8)(c). Accordingly, we recount the facts "consistently with the trial court's express and implied findings, supplemented with uncontroverted information from the record." Tilson and Tilson , 260 Or. App. 427, 428, 317 P.3d 391 (2013) (internal quotation marks omitted). *10 The parties were married for 30 years. They divorced in 2008 and, as part of the dissolution judgment, the court awarded wife $3,500 per month in indefinite maintenance spousal support. Wife's monthly income was $1,400 per month while, in contrast, husband's monthly income was $13,000. The parties stipulated that wife was "not being supported by any other person."
Since dissolution, wife has been in a relationship with Stone. They were not married, but were committed to each other and were active in each other's lives. Stone owned two properties-one in Eugene and one in Yachats-and wife owned a town house in Arizona. At one point, wife moved in with Stone in Eugene and paid rent of $700 per month, but after she purchased the home in Arizona, she moved out, and they would travel back and forth to visit each other.
During the year, wife and Stone spent at least five months at his property in Yachats. Stone maintained the property in Yachats with his own finances, and the only contributions by wife were for her personal day-to-day expenses while staying at the property. Stone and wife had no joint-ownership interests in any of their respective assets and intend to pass those interests to their respective children through inheritance.
At the hearing on husband's motion to show cause, husband argued, among other things, that wife received an economic benefit of at least $2,100 per month from staying at the Yachats property and that that benefit was a substantial change in economic circumstances requiring termination or modification of the spousal support award. He further argued that wife's living arrangement with Stone had substantially reduced her expenses. Wife conceded that she received a benefit from staying at the Yachats property, but when asked by the court if she could put a dollar value on that benefit, wife responded, "No, I can't." The court told her that she "needed to," and wife in response suggested a value of $18 per night, for a total of $225 per month.
In concluding that there was a substantial change in circumstances justifying a modification of wife's spousal support award, the court explained:
*11 "Stone and [wife] do not commingle their funds. Period. They are living in a committed, loving relationship, but they have purposely and basically successfully not mingled their assets.
" * * * * *
"Considering * * * whether a change of circumstances exists sufficient for the Court to reconsider spousal support, the Court shall consider * * * [the] benefits of the respective parties from all sources.
"And * * * the only thing that [the court] thinks has been proven vis-à-vis this statutory scheme is the access to benefit of the resources of the Yachats property. And [wife] didn't have that advantage when she was married and she has it now.
"So [the court is] finding that it's met for that one limited reason, and * * * think[s] that the best evidence * * * [although] hard to translate this into money, admittedly, and * * * [is] the $18 a day [wife] testified to."
The court then entered a supplemental judgment reducing the spousal support award from $3,500 to $3,275.
On appeal, the parties renew the positions that they took in the proceedings below. Husband asserts that the spousal support award should have been terminated or further reduced by the economic benefit-approximately $2,100 per month-that wife receives from staying in Stone's Yachats home. He argues that, because of wife's living arrangement with Stone and the fact that she has downsized her standard of living, her living expenses "have been materially reduced."[2]
*231 Wife maintains on cross-appeal that the benefit she receives from staying at the Yachats property is not a substantial change in economic circumstances under *12 the statute and that, therefore, her spousal support should not have been reduced. She also contends that, although she lives a more modest lifestyle than when she was married, she still has financial obligations to meet to ensure that she is able to live independently. We agree with wife.
To modify an award of spousal support, the court must determine whether there has been "a substantial, unanticipated change in economic circumstances since the time of the original award." Boni and Boni , 208 Or. App. 592, 596, 145 P.3d 331 (2006). In this case, husband bears the burden of showing that the circumstances have changed. Id. We "review the trial court's implicit and explicit findings of historical fact regarding the parties' economic circumstances to determine whether those findings are supported by any evidence in the record," and we "review the court's determination that those facts constitute a 'substantial change in economic circumstances of a party' under ORS 107.135(3)(a) for legal error." Tilson , 260 Or. App. at 433, 317 P.3d 391.
Here, husband failed to prove that there was a substantial, unanticipated change in circumstances justifying a modification of wife's spousal support award. The trial court found that Stone and wife have not commingled their assets and noted that it was hard to value the benefit wife receives when she stays at the Yachats property with Stone. Yet, it ultimately found that wife received an economic benefit from staying at the property that she did not have while married to husband. However, based on the record, we conclude that whatever benefit wife received from staying at Stone's property does not rise to the level of a substantial change in economic circumstances under the statute. Compare, e.g. , Boni , 208 Or. App. at 598-99, 145 P.3d 331 (because the wife was cohabitating with her new partner before the dissolution proceedings and their funds were commingled, when the wife married her partner after her divorce was finalized, the change in economic circumstances were neither unanticipated nor substantial), with Tilson , 260 Or. App. at 433, 317 P.3d 391 (wife's remarriage and access to her new spouse's income, coupled with her testimony that her new marriage was unanticipated at the time of the dissolution, supported the trial court's conclusion that the remarriage substantially changed wife's economic circumstances).
*13 Whatever benefit wife received from staying with Stone at the Yachats property did not materially reduce her living expenses. In fact, because the town house in Arizona is still solely in her name and she has to maintain the property and pay for her day-to-day expenses even while in Yachats, her living expenses have not substantially changed so as to warrant a modification of her spousal support award. See Bishop and Bishop , 137 Or. App. 112, 116, 903 P.2d 383 (1995) (the court correctly terminated husband's spousal support award after wife moved in with her boyfriend and was living rent-free, and was not incurring housing expenses because her "reasonable living expenses [were] substantially less than those projected at the time the dissolution judgment was entered"). Therefore, the trial court erred in concluding that husband proved that the benefit wife receives from staying at the Yachats property is a substantial change in economic circumstances warranting a reduction in the spousal support award, and we therefore reverse the supplemental judgment reducing that award.
On cross-appeal, supplemental judgment modifying spousal support award reversed; on appeal, affirmed.

ORS 107.135 provides, in relevant part:
"(3) In a proceeding under this section to reconsider the spousal or child support provisions of the judgment, the following provisions apply:
"(a) A substantial change in economic circumstances of a party, which may include, but is not limited to, a substantial change in the cost of reasonable and necessary expenses to either party, is sufficient for the court to reconsider its order of support, except that an order of compensatory spousal support may only be modified upon a showing of an involuntary, extraordinary and unanticipated change in circumstances that reduces the earning capacity of the paying spouse."
(Emphases added.)

Because the trial court found that husband only proved that wife has benefited from staying at Mr. Stone's Yachats property-which is supported by the record-we limit our discussion to whether or not the trial court erred in concluding that wife's use of the Yachats property was an economic benefit that constituted a substantial change in circumstances. See Porter and Griffin , 245 Or. App. 178, 182, 262 P.3d 1169 (2011) (When we decline to exercise our discretion to review de novo , we "are bound by the trial court's findings of historical facts that are supported by any evidence in the record.").