Argued and submitted December 6, 2019, reversed November 4, 2020, petition for review denied February 19, 2021 (367 Or 559)

In the Matter of the Marriage of

Dana Eleanor OWENS,
*Petitioner-Appellant,*
*and*

Ron F. OWENS,
*Respondent-Respondent.*

Clackamas County Circuit Court
16DR03055; A168584

477 P3d 422

Wife appeals a supplemental judgment modifying the amount of spousal support that she receives from husband. The trial court determined that there had been a substantial, unanticipated change in economic circumstances sufficient to justify modification of the spousal support award due to (1) husband's increased income and (2) the parties' daughter's increased school attendance, which, in the trial court's view, allowed wife additional time to work. On appeal, wife contends that the trial court erred, because husband failed to meet his burden of proving a substantial, unanticipated change in economic circumstances. *Held*: The trial court erred. First, at the time of the dissolution judgment, it was anticipated that husband's income would increase. Therefore, husband's increased income was not an "unanticipated" change in economic circumstances. Second, on this record, the daughter's increased school attendance, and mother's concomitant ability to work additional hours, was not a "substantial" change in economic circumstances.

Reversed.

Thomas J. Rastetter, Judge.

Peter Bunch argued the cause for appellant. Also on the briefs was The Law Firm of Peter Bunch, LLC.

Kimberly A. Quach argued the cause for respondent. Also on the brief was Quach Family Law, P.C.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

TOOKEY, J.

Reversed.

**TOOKEY, J.**

Wife appeals a supplemental judgment modifying the amount of spousal support that she receives from husband. Among other points, in her third assignment of error, she contends that the trial court in the modification proceeding erred when it changed husband's spousal support obligation to wife, because husband failed to meet his burden of proving a substantial, unanticipated change in economic circumstances. We agree with wife that the trial court in the modification proceeding erred. Accordingly, we reverse.[1]

## I. FACTS

Husband and wife were married in 2003. Wife filed for dissolution in 2016. They have a son and a daughter who, at the time of the dissolution, were aged 10 and nine respectively. As explained further below, the daughter has "physical and emotional" health issues.

### A. *The Dissolution Proceeding*

The dissolution trial was held on August 29, 2016, and September 27, 2016. Wife worked part-time as a nurse and earned $4,982 per month.

Husband worked in automotive sales. His salary was $20,000 per month, and he received additional compensation when a vehicle with accessories was sold. In 2014, his annual income was $228,000 and, in 2015, his annual income was $275,000.

At the time of the dissolution trial, husband anticipated starting a new job in late 2016 as general manager at a car dealership that would be opening soon. Husband testified that in his new position he would earn a base salary of $10,000 per month, plus 10 percent of any "net profits" of the car dealership.

Wife testified that, when the dealership husband would be working at got "up and going," husband could make anywhere from $30,000 to $60,000 per month. In contrast, husband was less clear about what he would earn in his new

---

[1] Our resolution of wife's third assignment of error obviates the need to address wife's other two assignments error.

position. He testified that he anticipated his income from the new position to be lower at first, but that he would be back to earning what he did at his previous job "probably in 24 months." According to husband, dealerships typically are not profitable for the first year; he changed positions within his field because he expected that he would earn more in his new job than he did in his prior job; and he "hope[d] there's upside to [the new job] that is amazing."

In October 2016, as anticipated at the time of the dissolution trial, husband started his new job as general manager of the car dealership.

On November 2, 2016, the trial court in the dissolution proceeding issued a letter opinion, in which it found that the parties' "daughter has physical and mental health issues that interfere with her daily functioning," and it noted that father "reports" that he has "no idea" what his income would be going forward but that he "moved positions in hopes of earning even higher wages."

The trial court in the dissolution proceeding also noted that, "[d]ue to mother's compromised work ability (resulting from the daughter's needs), and the lifestyle to which they are accustomed, this is clearly a maintenance spousal support case." The court determined that:

> "At his prior income, spousal would be $5,000-$7,000 per month. At his reduced income it seems just and equitable to set spousal at [$2,000] per month, plus one-half of his gross commission (the 10% of net profits)."

The letter opinion further specified that "[s]upport is indefinite."

A dissolution judgment was entered on April 19, 2017. The judgment noted that wife's "gross monthly income from employment is $4,982" and listed, among other points, the following "factors" considered by the trial court in the dissolution proceeding in awarding "maintenance" spousal support:

> "(1)   This is a marriage of over 13 years.
>
> "(2)   Husband's earnings substantially exceeds Wife's earnings.

"(3)   In 2014, Husband earned $228,000, gross. Husband did not present income information at trial for 2015, but he was employed in the same field. Husband obtained a new position in his field of automotive sales and anticipates his income will exceed his 2014 income within two years. Husband's guaranteed base pay is $10,000 per month. In addition to his base pay, Husband may receive 10 percent of the net profits from the business that employs him.

"* * * * *

"(7)   The parties' daughter has serious health issues. Wife often misses work to attend to the child's needs and is therefore unable to work full time. If the child's needs allowed Wife to work full time, she would be self-sufficient.

"(8)   * * * Wife's custodial duties are a factor in the court's award of spousal support.

"(9)   Based on the above factors, spousal maintenance is appropriate so that Wife can enjoy a standard of living not overly disproportionate to the standard of living of the parties as established during their marriage. The support awarded to Wife is just and equitable under all of the circumstances."

The judgment then awarded wife indefinite maintenance spousal support of $2,200 per month and "50 percent of Husband's net profits received that arises from his employment." Husband did not appeal the dissolution judgment.

B.   *The Modification Proceeding*

In October 2017, husband moved to modify his spousal support obligation. In an affidavit in support of modification, husband contended that basing spousal support on a "percentage of profits" is "not appropriate or equitable" and that there "has been a substantial change in my economic circumstance now that my income is more clearly established for the last four years of our marriage, when at the time support was determined in the fall of 2016, that income was uncertain." Husband also contended that "the award of spousal support was based in large part on the fact that our daughter, * * * has health issues * * * that the court found had been preventing [wife] from working full time," but that the daughter's "health issues have improved significantly

since September 2016, such that Wife can now work full-time, should she choose to do so."

The trial court in the modification proceeding held a hearing on March 15, 2018, concerning husband's motion to modify. With regard to his income, husband presented evidence that showed his income for 2016 was $234,387, that his income in 2017 was $316,017, and that, in the first two months of 2018, husband's income was $106,526. Husband testified that, at the time of the dissolution trial, he did not know what the car dealership's "net profits" would be, but, after starting the job, he was told that if he did "a really good job" they could be between $400,000 and $700,000 a month, which would equate to bonuses of $40,000 to $70,000 a month. He also testified that, at the time of the dissolution trial, he anticipated that in his new job he would earn more than his 2015 income of $275,000 but did not anticipate an income "anywhere near where [the dealership] is headed."

Regarding wife's employability, during the modification hearing, husband testified that wife is "an amazing nurse" and that she "could work as much as she wants."

With regard to the parties' daughter's health, during the modification hearing, husband testified that there had been a "100 percent" turnaround in the daughter's health and that she is "doing well." He further testified that he had no "concerns about her health," but acknowledged that she has "anxiety." Wife, for her part, testified that the daughter is doing better, but that wife has to help her with her "anxiety and health issues" every day, that the amount of care wife is providing for her is no less intense than in September 2016, and that wife receives between 5 and 20 phone calls a day from the daughter, which has affected wife's job performance.

Additionally, husband introduced evidence at the modification hearing regarding the daughter's school absences and medical appointments. As relevant to the issues before us, evidence reflected that in the academic year ending June 2017, the daughter missed 20.5 days of school, whereas in the academic year ending June 2016, the daughter had missed 42.5 days of school—a difference of 22 days.

After hearing evidence, the trial court in the modification proceeding issued a letter opinion containing the following determinations with regard to the parties' income and the spousal support award:

"2.   Husband's income formula remains at $10,000 per month plus 10 percent of the net profits, but the bonuses have vastly exceeded his expectations. Because of the bonuses, husband's 2017 income was $316,017. In January and February of 2018 alone he made a total of $106,526, which, under the spousal support formula would result in spousal support payments for those months of $47,663.

"3.   Wife's income is $54.44 per hour on a part-time basis. Her 2017 W-2 indicates that she had Social Security wages of $50,615, which is approximately $4,218 per month, somewhat less than her income at the time of the divorce.

"4.   A court's job in modifying a dissolution support judgment is to maintain the relative positions of the parties as set out in the initial judgment. Because of the unanticipated size of the bonuses, it would not be equitable to maintain the current spousal support formula, and the court will use its equitable powers to remedy that inequity."

As for the daughter's health, the letter opinion stated:

"6.   Wife used all of her allocated Family Medical Leave time in 2017 because of the daughter's health needs, and the child still has physical and emotional issues. The daughter is, however, able to attend school with substantially fewer absences and this affords wife additional time to work. This is a substantial and unanticipated change in circumstances allowing the court to modify spousal support."

In a supplemental judgment, the trial court changed the maintenance spousal support award to require husband to pay wife $3,500 per month for seven years.

## II.   ANALYSIS

Under ORS 107.135(3)(a), a court "may set aside or modify a spousal support award if there has been a substantial change in economic circumstances sufficient to justify the court's reconsideration of the award." *Luty and Luty*, 245 Or App 393, 399, 263 P3d 1067 (2011). The "substantial change in economic circumstances," however, "must have

been unanticipated when the court entered the last relevant judgment in the dissolution proceeding." *Id.* at 399-400.

Whether there has been a "substantial change in [the] economic circumstances of a party sufficient to warrant reconsideration of an award of spousal support under ORS 107.135(3)(a) presents a mixed question of fact and law." *Tilson and Tilson*, 260 Or App 427, 431, 317 P3d 391 (2013) (internal quotation marks omitted). "We review the trial court's implicit and explicit findings of historical fact regarding the parties' economic circumstances to determine whether those findings are supported by any evidence in the record." *Id.* "We review the court's determination that those facts constitute a 'substantial change in economic circumstance of a party' under ORS 107.135(3)(a) for legal error." *Id.* at 431-32.[2]

In this case, for the reasons that follow, we conclude that the trial court erred in determining that there had been a substantial change in economic circumstances sufficient to justify the court's reconsideration of the indefinite spousal support awarded in the dissolution judgment.

A.   *Husband's Income*

We first consider husband's income. On appeal, wife argues, among other points, that the increase in husband's income is not a "substantial, unanticipated change of circumstances." Wife contends that there is "no evidence in the record to support the modification trial court's findings that Husband's income 'vastly exceeded' expectations"

---

[2] "A two-part framework governs the determination whether, and to what extent, an award of spousal support should be modified under ORS 107.135(3)(a)." *Tilson*, 260 Or App at 432. "The threshold question is whether there has been a substantial, unanticipated change in economic circumstances since the time of the earlier award." *Id.* (internal quotation marks and brackets omitted). "Absent a qualifying change in circumstances, a trial court lacks authority to modify an award of spousal support." *Id.* "If the requisite change is present, then the trial court must determine what amount of support is just and equitable under the totality of the circumstances." *Id.* (internal quotation marks omitted).

As explained below, we conclude that the trial court erred in determining that there had been a substantial change in economic circumstances sufficient to justify the court's reconsideration of the indefinite spousal support awarded in the dissolution judgment. Therefore, we need not address whether the amount of spousal support awarded by the trial court in the modification proceeding was "just and equitable under the totality of the circumstances."

and that there is no "case law supporting the proposition that Husband's increased income is grounds for a downward adjustment of the amount and duration of his support obligation." Husband, for his part, argues that his "unanticipated 2017 variable earnings constituted a substantial, unanticipated change in circumstances."[3]

As we have previously explained, "A party's income from employment is not an 'unanticipated' change in economic circumstances where a trial court anticipated such employment and income when making the award of spousal support." *Varro and Varro*, 300 Or App 716, 737, 454 P3d 35 (2019).

In this case, during the dissolution trial, husband testified that he expected that he would earn more at his new job as general manager of the car dealership than he did at his prior job, though he did not know precisely how much more, and wife testified that husband could earn $30,000 to $60,000 a month at his new job. Husband's 2017 income averages out to approximately $26,335 dollars a month, which is less than wife testified husband could be making once the dealership got "up and going."

The trial court in the dissolution proceeding found that, although husband reported having "no idea" what his income would be in his new position, husband "anticipate[d] his income will exceed his 2014 income within two years."

That is precisely what occurred in this case. The car dealership husband works at is, apparently, doing well, and husband is now earning more than he did previously,

---

[3] Wife also argues, among other points, that the trial court in the modification proceeding erred "in declaring its intention to modify the support provisions in the divorce judgment to correct a *perceived inequity*." (Emphasis added.) If the trial court modified spousal support to correct an inequity without concluding that there had been a substantial, unanticipated change in economic circumstances, that would indeed be error. *See* ORS 107.135(3)(a); *Patterson and Patterson*, 293 Or App 8, 12, 427 P3d 228 (2018) ("To modify an award of spousal support, the court must determine whether there has been a substantial, unanticipated change in economic circumstances since the time of the original award." (Internal quotation marks omitted.)). In this case, in light of the trial court's findings that husband's bonuses "vastly exceeded" husband's expectations and the "unanticipated size" of the bonuses, we understand the trial court to have concluded that husband's increased income was a substantial, unanticipated change in economic circumstances under ORS 107.135(3)(a).

as was expected by the parties at the time of dissolution. Husband's expectation that he would eventually earn more at his new job than he did previously was expressly recognized in the dissolution judgment and was a "factor" considered by it when it awarded wife "indefinite" spousal support. That husband realized the "upside" to his new position sooner than he expected—*i.e.*, that his income for 2017 is higher than he had expected—is not a "substantial change in economic circumstances" sufficient to justify the trial court in the modification proceeding's reconsideration of the initial spousal support award, particularly where husband's income remains variable and his compensation structure at his new employer—*i.e.*, "$10,000 per month plus 10 percent of the net profits"—has not changed. *Weber and Weber*, 337 Or 55, 68, 91 P3d 706 (2004) ("A post-dissolution increase in a payor spouse's income does not of itself ordinarily constitute a substantial change in economic circumstances requiring a court to reconsider a previous spousal support award."). That is, husband's income remains tied to market forces, and, as the Supreme Court has noted, the legislature did not intend for ORS 107.135(3)(a) to be "an open-ended invitation to relitigate support judgments any time that market forces provide an economic windfall to one spouse or the other."[4] *Weber*, 337 Or at 68 n 9.

B.   *Wife's Ability to Work*

As noted above, the trial court in the modification proceeding found that the daughter continues to have "physical and emotional issues," but that she is "able to attend school with substantially fewer absences and this affords wife additional time to work," and concluded that that is "a substantial and unanticipated change in circumstances

---

[4] We observe that, through a "variety of property and income arrangements," courts "can account for both the past and future earning potential of either spouse." *See Weber*, 337 Or at 69 (so noting with respect to parties). That is what we understand the trial court in the dissolution proceeding to have done when structuring the spousal support award to include a percentage of husband's bonuses from employment.

We highlight that our conclusion in this case that the trial court in the modification proceeding erred is not an endorsement of the "property and income arrangements" in the dissolution judgment. But a modification request is not a "mechanism to reargue the original decision." *Newton and Newton*, 122 Or App 52, 56, 857 P2d 171, *rev den*, 318 Or 25 (1993).

allowing the court to modify spousal support." We thus understand the trial court to have concluded that daughter's increased school attendance constitutes a substantial change in economic circumstances. As also noted above, in the academic year ending June 2017, the daughter missed 20.5 days of school, whereas in the academic year ending in June 2016, the daughter missed 42.5 days of school—a difference of 22 days.

On appeal, wife argues that the trial court in the modification proceeding erred because "no evidence exists in the record that quantified whether and how much wife's income could increase as a result of the 'additional time to work' the trial court attributed to wife," and notes that the court found that her actual income had decreased since the dissolution proceeding. Husband, for his part, argues, "[b]ased on all evidence presented" during the modification proceeding, including evidence presented regarding the daughter's health and school absences, "the trial court determined [wife] was able to work more than she had in 2017," and the trial court's "direct and inferential findings bind this Court."

The daughter's increased school attendance, and mother's concomitant ability to work additional hours, is perhaps a change in economic circumstances but, on this record, we conclude that the trial court in the modification proceeding erred in concluding it is a "substantial" one.

In this case, the only evidence supporting wife's ability to work additional hours now that the parties' daughter is missing less school was husband's testimony that wife is "an amazing nurse" and that "she could work as much as she wants." No evidence was offered during the modification proceeding regarding how many hours per day the parties' daughter is in school; whether wife's employer (or any employer in her field where she could earn a similar hourly wage) offered shifts that are coextensive with the hours the parties' daughter is in school; or how many of those particular shifts wife would be able to work given her employer's (or any employer's) needs. Due to that lack of evidence, it is speculative to infer a "substantial" change in economic circumstances merely based on the "additional time to work"

afforded to wife by the parties' daughter's increased school attendance. *Hannemann v. Anderson*, 251 Or App 207, 215, 283 P3d 386 (2012) ("[A]n inference is reasonable only if it is based on an experience of logical probability that an ultimate fact will follow a stated narrative or historical fact." (Internal quotation marks omitted.)).

Accordingly, the trial court in the modification proceeding erred in determining that wife's increased ability to work as a result of the parties' daughter being able to attend school an additional 22 days a year was a "substantial" change in economic circumstances.[5]

### III.   CONCLUSION

In sum, we conclude that the trial court in the modification proceeding erred in determining that there had been a substantial change in economic circumstances sufficient to justify the court's reconsideration of the indefinite spousal support awarded in the dissolution judgment. Consequently, we reverse.

Reversed.

---

[5] We also observe that the dissolution judgment reflects that wife's income was $4,982 per month at the time of dissolution. At the modification hearing, wife's income was $4,218 per month—which is equivalent to a decrease in wife's income of $9,168 annually. Assuming wife could work 8-hour days an additional 22 days per year, at wife's hourly rate of $54.44, she would earn an additional $9,581.44 annually. That is only an increase of $413.44 in her annual income from her income as reflected in the dissolution judgment, which was entered a mere six months prior to husband's motion to modify. That does not constitute a "substantial" change in economic circumstances. *See, e.g.*, *McKinnon and McKinnon*, 256 Or App 184, 188, 300 P3d 257 (2013) ("The slight increase in wife's income does not constitute a substantial change in circumstances.").