Argued and submitted June 24, 2009, judgment of dissolution modified to award wife spousal support of $4,000 per month for the first five years and indefinite support of $3,000 per month thereafter; otherwise affirmed October 27, 2010

In the Matter of the Marriage of

Ellen D. SATHER,
*Petitioner-Respondent,*

*and*

Arthur C. SATHER,
*Respondent-Appellant.*

Lane County Circuit Court
150712239; A137822

243 P3d 76

Jeffrey E. Potter argued the cause for appellant. With him on the briefs was Gardner, Honsowetz, Potter, Budge & Ford.

George L. Derr argued the cause and filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

ARMSTRONG, J.

## ARMSTRONG, J.

Husband appeals a dissolution judgment that awarded wife spousal support of $5,000 per month until the end of 2012 and $4,000 per month thereafter. Husband's only contention on appeal is that the trial court erred in setting the amount of spousal support, arguing that it leaves him with insufficient funds to maintain a standard of living that is sufficiently proportionate to the standard of living that the parties enjoyed during their marriage. We agree with husband and, accordingly, modify the trial court's support award.

We review the facts *de novo*. ORS 19.415(3) (2007).[1] The parties dissolved their 38-year marriage in 2008, at which time they were 60 years old. Husband was the primary wage earner during the marriage, with gross income of roughly $107,000 per year, or about $8,917 per month, at the time of the dissolution. Husband stated that monthly deductions were taken from his gross income for medical insurance, life insurance, and contributions to his retirement plan, totaling about $1,284 per month. Further, husband's monthly expenses, including rent for a two-bedroom apartment and discretionary spending, were approximately $2,800. Wife had worked during the marriage, but, due to her health problems, there is little, if any, chance that she could work now or in the future. In order to maintain the standard of living that she had enjoyed during the marriage, wife sought an award of spousal support of about $5,000 per month.

The trial court agreed with wife and, in the dissolution judgment, awarded her $5,000 per month in spousal support for five years and $4,000 per month thereafter in indefinite spousal support. Further, the trial court equally divided the parties' property, including awarding the marital home to wife provided that she purchase husband's share in the home.

---

[1] ORS 19.415 was amended in 2009. Or Laws 2009, ch 231, § 2. The amendments apply to appeals in which the notice of appeal was filed on or after June 4, 2009. Or Laws 2009, ch 231, § 3. Because the notice of appeal in this case was filed before that date, we apply the 2007 version of ORS 19.415.

■　　On appeal, husband argues that the amount of spousal support awarded to wife is not just and equitable. He contends that the award significantly diminishes his post-dissolution standard of living without any corresponding reduction in wife's standard of living. In response, wife argues that the trial court correctly awarded an amount of support that positions both parties to afford similar standards of living considering both the disparities in income between the parties and wife's health. For the reasons that follow, we conclude that the support award provides husband with a standard of living that is disproportionately low when measured against the parties' marital standard of living.

■ ■　　Pursuant to ORS 107.105(1)(d)(C), a court may award spousal maintenance support, a payment of support from one spouse to the other, in a dissolution judgment, provided that the amount awarded is just and equitable under the circumstances. ORS 107.105(1)(d); *Albrich and Albrich*, 162 Or App 30, 37, 987 P2d 542 (1999). To determine the proper amount of spousal support, the court considers, among other factors, the length of the marriage, the age of the parties, and "[t]he standard of living established during the marriage[.]" ORS 107.105(1)(d)(C). In appropriate cases, one aim in awarding spousal support is to ensure that the supported spouse is provided with a standard of living that is not overly disproportionate in relationship to the marital standard of living. *Smith and Smith*, 168 Or App 349, 354, 7 P3d 559 (2000); *see also Olesberg and Olesberg*, 206 Or App 496, 500, 136 P3d 1202 (2006), *rev den*, 342 Or 633 (2007) ("In a long-term marriage * * *, the goal of spousal support is to provide a standard of living comparable to that enjoyed during the marriage."). Eliminating disparities is not the goal of spousal support, *Roppe and Roppe*, 186 Or App 632, 636, 64 P3d 1145 (2003), but, in a long-term marriage, the court may place the parties in relative parity regarding their standards of living, *see Weakley and Weakley*, 177 Or App 363, 371, 33 P3d 1045 (2001) (concluding such consideration is reasonable in the dissolution of a 26-year marriage).

Here, the trial court intended to cover all of the expenses that wife said that she will have to meet after the dissolution, including repayment of the funds that she will need to borrow to purchase husband's interest in the marital

home. The trial court's decision is consonant with several considerations, including the duration of the parties' marriage, their ages, and the fact that wife's inability to work precludes her from contributing much, if anything, to those expenses.

However, in making a just and equitable award of spousal support, our objective is to consider all of the applicable factors under ORS 107.105(1)(d)(C), including, most importantly in this case, the parties' marital standard of living. Here, the trial court's spousal support award affords wife a standard of living that is almost exactly the same as the parties' marital standard of living. In contrast, husband's standard of living is greatly diminished by the award. Husband's gross monthly income, after subtracting his fixed monthly deductions, will be about $7,633. After subtracting his monthly spousal support payment of $5,000, husband is left with $2,633 in gross income per month on which to live. That amount is insufficient to cover husband's current monthly expenses, which are modest and include rent for a two-bedroom apartment. Accordingly, he will not be able to maintain a standard of living that begins to approach the standard that the parties enjoyed during the marriage.

A reduction in the spousal support award will enable husband to enjoy a standard of living that is closer to the parties' marital standard of living, while also ensuring that wife's standard of living is not overly disproportionate to the marital standard. For those reasons, we conclude that the award to wife of $5,000 per month for five years and $4,000 per month thereafter is not just and equitable and, accordingly, modify the award to $4,000 per month for five years and $3,000 per month thereafter.

Judgment of dissolution modified to award wife spousal support of $4,000 per month for the first five years and indefinite support of $3,000 per month thereafter; otherwise affirmed.