Argued and submitted May 20, affirmed July 10, 2013

In the Matter of the Marriage of

Thomas A. WAID,
*Petitioner-Respondent,*
*and*

Jeanne A. WAID,
*Respondent-Appellant.*

Jeanne A. WAID,
*Third-Party Petitioner-Appellant,*
*and*

Jerome C. WAID;
Glenn A. Tofell;
Laree N. Waid-Tofell;
and Glenn A. Tofell and Laree N. Waid-Tofell
as trustees for
Levi Tofell, Tess A. Tofell and Alexis L. Waid,
*Third-Party Respondents-Respondents.*

Klamath County Circuit Court
0803798CV; A149165

307 P3d 484

George W. Kelly argued the cause and filed the briefs for appellant.

Rebecca Whitney-Smith argued the cause and filed the brief for respondent Thomas A. Waid.

▬

Amanda M. Walkup and Hershner Hunter, LLP, filed the brief for respondents Glenn A. Tofell, Laree N. Waid-Tofell, and Glenn A. Tofell and Laree N. Waid-Tofell, as trustees for Levi Tofell, Tess A. Tofell, and Alexis L. Waid.

No appearance for respondent Jerome C. Waid.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

NAKAMOTO, J.

▬

**NAKAMOTO, J.**

Wife appeals a judgment dissolving the parties' marriage, challenging three provisions of the judgment. We affirm, writing only to address the award of spousal support.[1]

We take the following facts, which are supported by evidence in the record, from the trial court's letter opinion. *See, e.g., Morton and Morton,* 252 Or App 525, 527, 287 P3d 1227 (2012) (when the Court of Appeals does not exercise its discretion to review an equitable action *de novo,* it is bound by the trial court's findings of fact that are supported by any evidence in the record). At the time of the court's decision in January 2011, the parties had been married more than 42 years. Husband was 69 and wife was 64.

Husband owns a business and has been self-employed in that business for many years. He started drawing Social Security at age 62 but continues to work "occasionally" in his business. After expenses, husband receives about $15,000 annually from his business. He lives on the family ranch; annual net proceeds to husband from ranch operations are about $6,000. Husband also receives about $10,000 annually in Social Security benefits. Accordingly, husband's total annual income at the time of trial was about $31,000. The trial court found that he will continue to have a similar income.

At the time of trial in August and October 2010, wife worked as a medical technician, earning about $27,000 per year gross, or $21,500 after deductions. Wife had no additional income.

In a letter opinion, the trial court concluded:

"[Wife] is about 5 years younger than [husband] and she can continue working and enjoy take home income of about $21,500, just slightly less than [husband's] income [of $25,000] from Social Security and his business. Splitting the ranch proceeds equally would nearly equalize the parties'

---

[1] Third-party respondents are family members who, along with wife, received interests in the ranch from husband before this action was commenced. Wife's challenge to the judgment did not seek to undo the transfers, and so third-party respondents did not respond to wife's assignments of error.

incomes. [Husband] proposes that the court do so, but I am concerned that would involve ongoing disputes about what constitutes legitimate deductions. To avoid those disputes, I order that [husband] must pay [wife] spousal support of $250 per month commencing in March 2011 and continuing indefinitely thereafter."[2]

Accordingly, immediately after trial, husband's net post-dissolution income after paying spousal support was $28,000 annually (or about $2,333 per month), and wife's net post-dissolution income after receiving spousal support was $24,500 annually (or about $2,040 per month).

Wife assigns error to the award of indefinite maintenance spousal support to her in the amount of $250 per month. She contends that the award is too low to allow her to have a standard of living in relative parity to husband's or, to the extent possible, to let her enjoy a standard of living similar to what she had during the parties' marriage. *See, e.g., Abrams and Abrams*, 243 Or App 203, 209, 259 P3d 92, *rev den*, 350 Or 716 (2011) (setting out goals for spousal support awards after long-term marriages). Husband contends that the amount of the award was proper in light of the ages of the parties, their current capabilities to work, their spending decisions, and their current and possible future retirement benefits.

The legislature has directed that spousal support awards be "just and equitable." ORS 107.105(1)(d). Trial courts have a range of discretion to decide what amount and duration of support is just and equitable. *Bailey and Bailey*, 248 Or App 271, 276, 273 P3d 263 (2012). We will not disturb the trial court's discretionary decision unless the trial court misapplied the factors required by ORS 107.105(1)(d). *Berg and Berg*, 250 Or App 1, 2, 279 P3d 286 (2012). Here,

___

[2] The trial court also stated in its letter opinion that wife "plans to retire in July 2011 and will receive about $10,000 a year in Social Security." Any apparent inconsistency in the trial court's letter opinion between wife's retirement plans and the court's reference to her net income from working as part of the basis for its decision to award $250 per month in spousal support does not affect our analysis. As we explain below, we conclude that the trial court based its spousal support award on the state of affairs as of the time of trial and did not factor in wife's retirement plans. Accordingly, wife's retirement will provide a legal basis for her to seek modification. That is so regardless of the trial court's observation concerning wife's retirement plans.

we are not persuaded that the trial court misapplied those factors and, accordingly, we do not disturb the trial court's spousal support award.

We write to make clear that the trial court expressly based its decision on the circumstances as it found them at the time of trial, namely that wife would continue to work and that her annual income was within several thousand dollars of that of husband. Our understanding of the court's ruling is supported by wife's testimony that she "possibly" would retire at age 65. Wife testified that she was not "in a position to quit work" and that she would like to work another "year or two," until she was "65 or maybe 66."

If wife in fact stopped working at age 65, her net post-dissolution annual income—unless there are additional changes in circumstances—would be only $13,000 ($10,000 in Social Security plus $3,000 in spousal support).[3] At the time wife does retire, she could move to modify the spousal support provision of the dissolution judgment. Under the trial court's letter opinion, as husband readily conceded at oral argument before this court, wife's retirement from work would meet her burden of demonstrating the kind of substantial, unanticipated change in circumstances that is the prerequisite to modification of spousal support. *See* ORS 107.135(4) (court must consider whether change in circumstances justifies reconsidering spousal support award); *see, e.g.*, *Gibson and Gibson*, 217 Or App 12, 18, 174 P3d 1066 (2007) (spousal support award may be modified based on a finding of substantial, unanticipated change in circumstances; where dissolution judgment did not make express provision for or anticipate changes in the parties' income as a result of retirement or Social Security, concluding that, in light of changes in the parties' resources due to changes in employment status and the receipt of Social Security benefits, there had been a substantial, unanticipated change in circumstances). This case resembles *McArdle and McArdle*, 186 Or App 672, 674-75, 64 P3d 1178 (2003), in which the husband was 61 at the time of trial, and the trial court expressly did not consider the husband's retirement plans

---

[3] If wife stopped working at age 66, there was testimony indicating that her annual income would be approximately $3,500 higher from Social Security.

in setting spousal support due to uncertainty as to when he would retire and his income upon retirement. The husband in fact retired 14 months later and sought termination of spousal support, which the trial court denied. On *de novo* review, we concluded that there had been a substantial change in circumstances sufficient to support modification, but not termination, of spousal support. Similarly here, and in light of husband's concession, wife's ultimate retirement from working will provide a sufficient legal basis for the trial court to consider modification of spousal support.

Affirmed.