Submitted May 3, 2019, affirmed January 21, 2021

In the Matter of the Marriage of

Alexandra S. OLSON,
*Petitioner-Respondent,*
*and*

Eric Ryan OLSON,
*Respondent-Appellant.*

Multnomah County Circuit Court
16DR26161; A169142

480 P3d 965

Husband appeals from a supplemental judgment entered after a general judgment of dissolution, contending that the trial court erred in awarding wife attorney fees and not awarding him fees, and also erred in setting the amount of the award higher than the fees actually incurred by wife. *Held*: Writing to address only husband's contention that the trial court committed legal error in awarding wife attorney fees in an amount that exceeded the amount that wife actually incurred, the Court of Appeals concluded that ORS 107.105(1)(j), the statutory provision authorizing an award of reasonable attorney fees upon dissolution, does not limit the award to fees actually incurred. The court held that the trial court did not err or abuse its discretion in awarding attorney fees in excess of those actually incurred.

Affirmed.

Katherine E. Tennyson, Judge.

Eric Ryan Olson filed the brief *pro se.*

No appearance for respondent.

Before DeHoog, Presiding Judge, and Aoyagi, Judge, and Kamins, Judge.

DeHOOG, P. J.

Affirmed.

**DeHOOG, P. J.**

Husband, who is self-represented, appeals from a supplemental judgment that was entered after a general judgment of dissolution and that awards wife attorney fees. We reject without discussion husband's contentions that the trial court erred in awarding wife attorney fees and in not awarding him fees. We write only to address husband's additional contention that the trial court committed legal error in awarding wife attorney fees in an amount that exceeded the amount that wife actually incurred. We conclude that the trial court did not err or abuse its discretion in awarding attorney fees in excess of those actually incurred, and we therefore affirm the supplemental judgment.

Husband has requested that we review the trial court's ruling *de novo*. However, this is not a case that warrants *de novo* review, and we decline to do so. *See* ORAP 5.40(8)(c) (*de novo* review is appropriate in "exceptional cases"). We review the trial court's determination to award discretionary attorney fees and the amount of such fees for an abuse of discretion. ORS 20.075(3). A court may abuse its discretion if its decision is predicated on an erroneous legal conclusion. *Callen and Callen*, 307 Or App 714, 479 P3d 313(2020).

When a party obtains a dissolution judgment, courts are statutorily authorized to award attorney fees. Under ORS 107.105(1)(j), a judgment of dissolution may provide

> "[f]or an award of reasonable attorney fees and costs and expenses reasonably incurred in the action in favor of a party or in favor of a party's attorney."

We have held that a court may award attorney fees as a part of the overall dissolution judgment, "taking into account the financial resources of the parties, the property division, and the support orders, if any". *O'Neal and O'Neal*, 158 Or App 431, 434, 974 P2d 785 (1999).

Both parties in this case had legal counsel at trial and requested attorney fees. Wife was represented by an attorney from St. Andrews Legal Clinic, who charged wife $4,750 for legal services related to the dissolution, for 80 hours of work at a rate of $60 per hour. However, in his

petition for attorney fees, wife's counsel requested fees in the amount of $19,245, for 80 hours of work at a rate of $240 per hour, which the attorney explained was the rate customarily charged by practitioners in the Portland metropolitan area with his level of experience. The trial court awarded wife $9,600, approximately half of the requested fees.

The court explained why it had decided to award wife fees but not the full amount requested:

"Respondent's behavior throughout this proceeding was a direct cause of the increased cost of this proceeding. Failure to tell the truth, failure to provide documents, failure to negotiate in good faith and then attempts to relitigate the case during the process to resolve the form of judgment are just some of the many ways Respondent's actions inflated the cost of this proceeding. Petitioner should assume a portion of her own fees as even in the most expeditiously resolved cases each side incurs reasonable fees, however, Petitioner should not have to assume [*sic*] for Respondent's wasteful approach to this matter.

"For the reasons cited above, there is no basis to award Respondent any of his attorney fees and the Court denies his request for attorney fees."

Husband contends that the court erred in awarding wife more fees than she actually incurred. Husband's contention finds support in a plausible interpretation of the relevant statutory provision. As noted, ORS 107.105(1)(j) authorizes a court to make an award of "reasonable attorney fees and costs and expenses *reasonably incurred* in the action in favor of a party or in favor of a party's attorney." (Emphasis added.) It is plausible to interpret the phrase "reasonably incurred" as qualifying the availability of "reasonable attorney fees," thereby requiring that authorized fees be "reasonably"—and actually—"incurred." In *Anderson v. Wheeler*, 214 Or App 318, 322, 164 P3d 1194 (2007), we addressed ORS 36.425(4)(b), which provides an entitlement to "attorney fees *** incurred" in certain arbitration proceedings. We explained that, as used in that statute, "the term 'incurred' takes on its ordinary meaning" and "means that attorney fees are recoverable only if a party has incurred them—that is, has become liable to pay them." Applying that interpretation to ORS 107.105(1)(j), a court

would only be authorized to award attorney fees for which a party is actually liable. But there is another interpretation of ORS 107.105(1)(j) that we conclude is somewhat more plausible—that the phrase "reasonably incurred" modifies only "costs and expenses." That interpretation appears more consistent with the statute's text, in which "attorney fees" is already qualified by "reasonable." As a result, husband's interpretation would lead to an arguable redundancy by requiring that "reasonable attorney fees" further be "reasonably incurred," which the legislature seems unlikely to have intended. *See Vasquez v. Double Press Mfg., Inc.*, 364 Or 609, 622-23, 437 P3d 1107 (2019) (noting that the court generally avoids construing a statute as redundant unless there is evidence that that is precisely what the legislature intended (internal quotation marks omitted)).

As a textual matter, our interpretation finds support in the rule of the last antecedent, a long-standing grammatical principle that can be helpful in interpreting at least some statutes. As the Supreme Court explained in *State v. Webb*, 324 Or 380, 386, 927 P2d 79 (1996):

> "'Referential and qualifying words and phrases, where no contrary intention appears, refer solely to the last antecedent. The last antecedent is the last word, phrase, or clause that can be made an antecedent without impairing the meaning of the sentence. Thus a proviso usually is construed to apply to the provision or clause immediately preceding it. The rule is another aid to discovery of intent or meaning * * *.'

> "'Evidence that a qualifying phrase is supposed to apply to all antecedents instead of only to the immediately preceding one may be found in the fact that it is separated from the antecedents by a comma.'"

(Quoting Norman J. Singer, 2A *Sutherland Statutory Construction* § 47.33, at 270 (5th ed 1992).) We note that, in ORS 107.105(1)(j), no comma separates the qualifying phrase "reasonably incurred" from the immediately preceding antecedents, "costs and expenses." Thus, although it is not definitive, an application of the rule of the last antecedent would suggest to us that the qualifying phrase "reasonably incurred" applies only to those immediately preceding antecedents and not to "reasonable attorney fees."

That textual interpretation is consistent with the statute's context. ORS 107.105(5) provides that, if an appeal is taken from a dissolution judgment, "the court may also award to that party, as part of the costs, such additional sum of money as it may adjudge reasonable as an attorney fee on the appeal." Like ORS 107.105(1)(j), that subsection authorizes an award of "reasonable" attorney fees, but it does not include a qualifier that the fees be incurred. We do not think that the legislature would have intended to set different qualifiers for the availability of reasonable fees at trial and on appeal.

The statute's enactment history further persuades that our interpretation is correct. ORS 107.105 formerly provided that a dissolution court could award "any further sums as additional attorney fees or additional costs and expenses of suit or defense as the court finds reasonably and necessarily incurred by such party[.]" ORS 107.105 (1)(i) (2001).[1] Thus, the statute formerly unambiguously stated that attorney fees must have been "incurred." But in 2003, the legislature rewrote that provision in a new subsection, ORS 107.105(1)(j), providing that a court may include in the dissolution judgment "an award of reasonable attorney fees in favor of a party or in favor of a party's attorney," *former* ORS 107.105(1)(j), Or Laws 2003, ch 576, § 109, thus removing the qualifier that fees be "reasonably and necessarily incurred." Then, in 2005, the legislature amended the statute to its present form, adding text authorizing a court to award "costs and expenses reasonably incurred in the action." Or Laws 2005, ch 568, § 29. That history reinforces our interpretation drawn from the subsection's text and context that the phrase "reasonably incurred" as used in ORS 107.105(1)(j) is intended to qualify only "costs and expenses." Thus, we reject husband's contention that an award of attorney fees under ORS 107.105(1)(j) is limited to fees actually incurred.

The trial court here awarded wife approximately half of the fees she had requested. Defendant does not

---

[1] ORS 107.105 has been amended a number of times since 2001. However, as the remainder of our discussion demonstrates, only two of those amendments affect our analysis.

otherwise contend that the amount awarded was unreason-
able, and we conclude that the trial court did not abuse its
discretion.

Affirmed.