Argued and submitted March 19, affirmed April 14, 2021

In the Matter of the Marriage of

Robert Alan KERR,
*Petitioner-Appellant,*
*and*

Deborah Beth KERR,
*Respondent-Respondent,*
*and*

Jenna Michelle KERR,
*A Statutory Party.*

Clackamas County Circuit Court
18DR20799; A172901

485 P3d 315

Eve L. Miller, Senior Judge. (General Judgment)

Jeffrey S. Jones, Judge. (Supplemental Judgment)

Robert A. Kerr argued the cause *pro se*. Also on the briefs was Kerr Law Office P.C.

Peter Bunch argued the cause for respondent. Also on the brief was The Law Firm of Peter Bunch, LLC.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

In this case involving a dissolution of a long-term marriage, husband appeals the general judgment dissolving the parties' marriage and a supplemental judgment granting wife's request that husband pay her attorney fees. We affirm.

Husband requests that we review *de novo* but has not persuaded us that we should exercise our discretion to do so. *See Johnson and Johnson*, 309 Or App 682, 688, 483 P3d 1174 (2021) (citing ORS 19.415(3)(b) (granting us "sole discretion" to review *de novo*) and ORAP 5.40(8)(c) (explaining that we will exercise our discretion to review *de novo* in "exceptional cases" only)). That, it turns out, is largely dispositive of this appeal.

With respect to the general judgment, husband contends that the trial court erred in awarding indefinite maintenance support to wife, asserting that an award of limited duration would have been more appropriate. Relatedly, he asserts that the court erred in requiring him to maintain indefinitely a life insurance policy for wife's benefit to ensure that the purpose of the indefinite award of spousal support is met in the event of husband's death. Absent a decision to review *de novo*, we examine the trial court's spousal support and life insurance determinations for abuse of discretion. *Boatfield and Boatfield*, 297 Or App 716, 720, 447 P3d 35 (2019); *Berg and Berg*, 250 Or App 1, 5, 279 P3d 286 (2012). The standard is deferential: We "will not disturb a trial court's determination unless the court misapplied the statutory and equitable considerations required by the statute permitting these awards." *Boatfield*, 297 Or App at 720. Having reviewed the record and considered husband's arguments, we see no grounds for disturbing the challenged determinations. As is almost always the case with discretionary determinations, the choices that the trial court made were not the only permissible ones the court could have made, but they are choices that fit within the set of permissible choices.

With respect to the supplemental judgment, husband argues that the trial court erred in awarding attorney

fees to wife and, further, in not ordering wife to pay husband's fees. Our review is, again, for abuse of discretion. *Olson and Olson*, 308 Or App 633, 634, 480 P3d 965 (2021). We again see none.

Affirmed.