No. 632 November 29, 2023 349

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Marriage of

Liduvina Zamudio SANCHEZ,
*Petitioner-Appellant,*
*and*

Antonio Zamudio BARRAGAN,
*Respondent-Respondent.*

Umatilla County Circuit Court
20DR21608; A178433

Eva J. Temple, Judge.

Argued and submitted October 23, 2023.

Laura Graser argued the cause and filed the brief for appellant.

Morgan Rose Terhune argued the cause for respondent. On the brief were Thomas A. Bittner, Amy D. Fassler and Schulte, Anderson, Downes, Aronson & Bittner, P. C.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

In this dissolution action, wife asserts that the trial court erred as a matter of law when it failed to award wife spousal support. Specifically, wife argues that she was entitled to maintenance spousal support based on the factors set out in ORS 107.105(1)(d)(C) and, further, that the trial court's rationale in denying an award of spousal support was "entirely based on impermissible speculation that wife 'has a number of potential windfalls to support her in the future.'" We affirm, concluding that under our standard of review, the trial court did not err.

We review a trial court's spousal support determinations for abuse of discretion. *Kerr and Kerr*, 310 Or App 695, 696, 485 P3d 315 (2021); *Waid and Waid*, 257 Or App 495, 498, 307 P3d 484 (2013) ("Trial courts have a range of discretion to decide what amount and duration of support is just and equitable."). Thus, we will uphold a trial court's award of spousal support if, "given the findings of the trial court that are supported by the record, the court's determination that an award of support is 'just and equitable' represents a choice among legally correct alternatives." *Berg and Berg*, 250 Or App 1, 2, 279 P3d 286 (2012).

Although the trial court mentioned that wife "has a number of potential windfalls to support her in the future[,]" the ruling in its entirety makes it clear that the trial court's decision was ultimately made because "[b]oth parties are in a bad financial situation[,]" that "there are simply too many debts and not enough assets to adequately provide for both parties[,]" and that "[h]usband does not have the earning capacity to pay off debts, rent or purchase a new home and to pay spousal support." The trial court also found that the parties had incurred significant debt to fund their standard of living prior to their divorce. The record supports those findings and with them, the trial court did not abuse its discretion when it did not award spousal support to wife. *See Abrams and Abrams*, 243 Or App 203, 208, 259 P3d 92, *rev den*, 350 Or 716 (2011) ("[S]pousal support should not be set at an amount that is higher than the obligor can reasonably afford to pay at the time of dissolution."); *see also Sather and Sather*, 238 Or App 235, 239, 243 P3d 76 (2010) (reducing

a spousal support award where payments greatly diminished husband's already modest standard of living); *Smith v. Koors*, 149 Or App 198, 206, 942 P2d 807 (1997) (explaining that where the parties' standard of living and lifestyle involved incurring substantial debt and supplementation by family, "whatever standard of living existed before their permanent separation *** will be difficult to duplicate on the basis of the available income without supplementation").

Affirmed.